# Richmond

POCAHONTAS FUEL COMPANY, INC. v. OLIVER G. BARBOUR.

March 7, 1960.

Record No. 5046.

Present, All the Justices.

The opinion states the case.

*John W. Gillespie,* for the appellant.

*John R. Boggess* and *Carl C. Gillespie* (*Gillespie & Gillespie,* on brief), for the appellee.

MILLER, J., delivered the opinion of the court.

The record before us presents for review an award of the Industrial Commission of Virginia against Pocahontas Fuel Company, Inc. (now Consolidation Coal Company), which granted to Oliver G. Barbour compensation for total disability due to silicosis.

The award put into effect the majority opinion of the Commission from which Commissioner Nuckols dissented.

All the evidence was presented before a hearing commissioner on

November 17, 1958, and on January 16, 1959, the commissioner rendered his opinion. He found that claimant had sustained a total wage loss as a result of silicosis contracted while in the employ of the company and directed an award of $30 a week beginning June 13, 1958, to continue for the statutory period unless subsequent conditions justified a modification. The company appealed, and upon a review before the full commission, the hearing commissioner's findings of fact and conclusions of law were affirmed.

It is not denied that Barbour is suffering from second stage silicosis, contracted while in the company's employ, and that it would be definitely injurious for him to work in the mines. Yet the company insists that he is not totally incapacitated for work by reason of the disease. Specifically, it says that the evidence fails to prove that claimant has made any effort to secure employment since he ceased working for the company, and thus he has failed to show that he is unable to market his remaining capacity for work.

The pertinent provision of § 65-51, Code 1950, 1956 Acts, ch. 243, under which the award for total incapacity was made, reads as follows:

"When the incapacity for work resulting from the injury is total, the employer shall pay, or cause to be paid, as hereinafter provided, to the injured employee during such total incapacity, a weekly compensation equal to sixty per centum of his average weekly wages but not more than $30, * * *."

Barbour, who was 53 years of age on March 28, 1958, was employed by the company from 1925 until December 23, 1957, when he was laid off because of a shut-down of the mine. He was unemployed from that time until June 13, 1958, when the mine was re-opened and he was called back to work. When he reported, the company doctor requested him to go to Bluefield Sanitarium, Bluefield, W. Va., for examination and x-ray. The report from that institution stated that claimant had second stage silicosis. X-rays taken later at St. Luke's Hospital, Bluefield, W. Va., and Clinch Valley Clinic Hospital, Richlands, Va., also indicated second stage silicosis, and claimant was advised by Dr. J. A. Robinson of the latter hospital in a letter to the company doctor "to moderately restrict his activities and to avoid exposure to dusty and damp atmospheres."

Dr. Henry F. Warden, Jr., of Bluefield Sanitarium, testified that he ran pulmonary function studies on Barbour and it was his conclusion that claimant could do a full day's work at the mine although he did not think it advisable for him to return to his old occupation of head drill man.

Until he reported for work on June 13, 1958, Barbour was unaware that he had silicosis. Yet the company refused to re-employ him solely because of his disease, and it is conceded that re-employment in the mines is denied to workmen suffering with second stage silicosis. Claimant testified that he could work at manual labor a few hours but was unable to work all day, that walking fast up a hill, or a long flight of steps, or carrying a weight on his shoulder caused a shortness of breath. Both he and his wife said that during the summer of 1958, he was unable to work in the vegetable garden at his home. His wife also stated that she had noticed he had "been going downhill for several years," that he had lost weight and was not feeling too well.

The medical evidence and the testimony of claimant and his wife unquestionably show that he is partially physically incapacitated and that because of his occupational disease, further work in the mines is denied to him. However, there is no evidence in the record to show that claimant made any effort to obtain work after the mine at which he was employed shut down or after he was denied further employment there on June 13, 1958, because of his occupational disease.

One who has suffered a partial physical disability may obtain total incapacity payments if, because of his disability, he is unable to market his remaining capacity for work. *Foust Coal Co.* v. *Messer*, 195 Va. 762, 80 S. E. 2d 533; Horovitz, *Injury and Death under Workmen's Compensation Laws*, p. 270.

Total disability exists when the claimant is disqualified from pursuing the usual tasks of a workman in such a way as to enable him to procure and retain employment. Yet his inability to market his remaining capacity for work must be made to appear before total incapacity payments are warranted under § 65-51. The issue of whether a workman, who is partially physically incapacitated, is able to obtain employment requires proof that a reasonable effort to procure work has been made.

Here the Commission found that claimant's incapacity for work resulting from his disease is total, and we may not disturb that factual finding if it be sustained by credible evidence. However, the issue of whether or not he could obtain and retain employment was not developed. No evidence from which it could be reasonably inferred that he could not market his remaining ability to work is found in the record. The observation made by Commissioner Nuckols in his dissenting opinion on this phase of the case is pertinent:

"No injury or occupational disease is compensable as a total incapacity until it is proven that the injury or disease has effectually

closed the labor market to the employee. A showing that he may not return to his former occupation is not such proof."

No evidence was offered as to whether claimant could obtain other employment; no inference is warranted from the degree of his physical incapacity that he could not. It thus follows that he has not sustained the burden of proving that he is totally incapacitated for work because of his occupational disease. Hence the finding of total disability to work because of silicosis is unwarranted. *Scott, et al.* v. *Willis*, 150 Va. 260, 142 S. E. 400; *National Surety Co.* v. *Rountree*, 152 Va. 150, 147 S. E. 537; 21 M. J., Workmen's Compensation, § 68.

The award of the Commission will be reversed with directions that the case be restored to the docket with leave to the litigants to offer additional evidence.

*Reversed and remanded.*