# Richmond

POCAHONTAS FUEL COMPANY, INC. v. CLINTON WILLARD AGEE.

March 7, 1960.

Record No. 5047.

Present, All the Justices.

The opinion states the case.

*John W. Gillespie*, for the appellant.

*David T. Kennedy*, for the appellee.

MILLER, J., delivered the opinion of the court.

The principal question presented is whether the evidence justified the Industrial Commission in finding that claimant had suf-

fered total incapacity for work from silicosis, the occupational disease with which he was afflicted.

The evidence was presented to a hearing commissioner who found that claimant had sustained a total wage loss as a result of an occupational disease contracted while in the employ of the company. Although he found that claimant had suffered partial physical disability, yet he determined that the partial physical disability resulting from the second stage silicosis with which Agee was afflicted had barred claimant from employment in the only field of labor in which he was trained and qualified to work. Claimant was awarded compensation benefits under § 65-51, Code 1950, as amended, on the basis of total incapacity for work resulting from the disease, to continue for the statutory period unless subsequent conditions justified a modification. The company appealed and asked for a review before the full Commission, but upon review the hearing commissioner's findings of fact and conclusions of law were adhered to and affirmed by unanimous decision.

It is not denied that claimant contracted silicosis while in the employ of the company, and it is conceded that the malady from which he suffered has been diagnosed as second stage silicosis and that he has suffered partial physical incapacity, but the company insists that the evidence does not show that claimant has suffered incapacity for work —partial or total—because of the malady.

Summarized the evidence follows:

Clinton Willard Agee was forty-seven years of age when the hearing was held on January 5, 1959. He had a seventh grade education and had no training or experience in any work other than coal mining. He had been employed by the company for twenty-nine years in various mines that it operated until he was laid off on October 30, 1957, from his work when the company shut down its Boissevain mine. During the twenty-nine years he had worked as a roof bolter and coal loader. He testified that when the Boissevain mine shut down, he was ready to work anywhere he could find a job. When laid off, he did not know that he had silicosis, and he tried to obtain employment at three other mines operated by the company at different locations, but was refused employment because he was not on the panel at any of those mines.

While working in the mines claimant was exposed to silica dust, and he became quite short-winded upon little physical exertion, had pains through his chest and occasionally in his back. In the morning he coughed considerably and suffered with a dry cough the balance

of the day. Shortly before September 15, 1958, Agee visited Dr. Porter and on his advice claimant had x-rays and a physical examination made at Clinch Valley Hospital, Richlands, Virginia. The report of Dr. J. A. Robinson, dated October 8, 1958, stated that Agee had an early stage silicosis. Further examination was made of claimant at Beckley Memorial Hospital, Beckley, W. Va., and the report of Dr. Richard G. Starr of that institution under date of October 27, 1958, gave a final diagnosis of "1) Pulmonary fibrosis, on the basis of occupational pneumoconiosis, probably silicosis. 2) Pulmonary emphysema, moderately severe.

"The pulmonary disease in this man is definitely symptomatic and feel he is partially disabled from it. I am not familiar with the classifications in your state but would feel that he would have a partial disability between 33-1/3 and 50%. I also do not feel that he would be an unsuitable candidate for re-employment in the mining industry."

From an x-ray examination Dr. W. E. Copenhaver diagnosed claimant as having a first stage silicosis and a 10 per cent permanent disability. He, however, said that it was impossible to get a true disability estimate without clinical evaluation from a radiological standpoint.

While presenting the evidence before the hearing commissioner, the company requested that Agee be examined by doctors of its choosing at Bluefield Sanitarium, Bluefield, W. Va. The report of that examination, dated January 22, 1959, stated that claimant had an early second stage silicosis, and from the results of the pulmonary function studies, he had a 10 per cent decreased capacity to work.

Though Agee was unaware that he was afflicted with silicosis when he was laid off from work at the Boissevain mine on October 30, 1957, yet the medical evidence and his testimony are amply sufficient to prove that he was suffering with some degree of silicosis at that time and that during the latter part of 1958 and early 1959, he was afflicted with the second stage of the disease and employment in the mines was barred to him because of his condition. That he cannot obtain employment in the coal mines while suffering from second stage silicosis is proved by T. F. Waddington, who testified that it was the general practice with all of the larger employers in the area to deny employment or re-employment to applicants suffering with second stage silicosis.

The Commission having made its findings of fact in favor of claimant, it follows that all just inferences deducible from the evidence must be resolved by us in his favor. We may not disturb the Commission's finding if it be sustained by credible evidence. Section 65-94,

Code 1950; *Carter* v. *Hercules Powder Co.*, 182 Va. 282, 28 S. E. 2d 736; *Stephens* v. *Wright & Co., Inc., et al.*, 194 Va. 404, 73 S. E. 2d 399.

It is clear from the evidence that claimant sustained partial physical disability because of an occupational disease. Though his physical disability was only partial, yet the award of total incapacity payments under § 65-51, Code 1950, was warranted if the Commission could reasonably find from the evidence that because of his disability he was unable to market his remaining capacity for work.

"One who has only a partial physical disability may obtain total incapacity payments on proof that he was unable to market his remaining capacity for work. * * *" Horovitz, *Injury and Death under Workmen's Compensation Laws*, p. 270. *Foust Coal Co.* v. *Messer*, 195 Va. 762, 80 S. E. 2d 533.

Here, however, the evidence shows that when Agee was laid off and applied at other mines operated by the company, neither he nor the company knew that he had silicosis. Employment was denied him in each instance, not because of his disease but because he was not on the panel at those mines. Nor is there any testimony in the record from which it may be determined that no other character of employment might be had in the area. From the meager evidence having to do with his education, his qualifications and capacity to do work other than at or in a coal mine seem limited. But be that as it may, he never applied for work elsewhere either before or after he learned that he had silicosis, and there is no proof that he could not have marketed his remaining capacity for work.

No inference is warranted from the degree of partial physical incapacity of Agee that he could not obtain other employment, and the evidence is insufficient to show that he made reasonable effort to obtain other employment which was denied to him because of his partial physical incapacity. It thus follows that Agee has not sustained the burden of proving that he is totally incapacitated for work because of his occupational disease. The finding of total disability to work because of silicosis is not sustained by the evidence. *Scott, et al.* v. *Willis*, 150 Va. 260, 142 S. E. 400; 21 M. J., Workmen's Compensation, § 68.

The award of the Commission will be reversed with directions that the case be restored to the docket with leave to the litigants to offer additional evidence.

*Reversed and remanded.*