### Richmond

WASHINGTON METROPOLITAN AREA
TRANSIT AUTHORITY, ET AL.

V.

RICKY THOMAS HARRISON

Record No. 831413.

January 18, 1985.

Present: All the Justices.

*Benjamin J. Trichilo (William L. Carey; Lewis & Trichilo,* on briefs), for appellants.

*Lawrence J. Pascal (Ashcraft & Gerel,* on brief), for appellee.

PER CURIAM.

This is an employer's appeal from a decision of the Industrial Commission awarding workers' compensation benefits to a partially disabled employee.

Ricky Thomas Harrison (Harrison), a carpenter's apprentice, suffered an injury by industrial accident on August 18, 1982. Under a memorandum of agreement, Washington Metropolitan Area Transit Authority and its insurer, Lumbermens Mutual Casualty Company (collectively, the employer), paid Harrison temporary total disability benefits beginning August 19. Harrison questioned the accuracy of the wage-benefit calculation and, since the Commission had not entered an award approving the voluntary agreement, he filed an application for hearing on November 24.

On November 29, Harrison accepted the employer's offer of selective employment suitable to his limited capacity and returned to work at his pre-injury wage. Pursuant to a general reduction in force, however, Harrison and all but one of his fellow apprentices were terminated effective December 8. At the hearing, which was not conducted until March 1, 1983, the deputy commissioner resolved the wage-benefit issue against the employer. The question then arose whether Harrison was entitled to temporary total disability benefits beginning anew December 8, 1982. Although Harrison offered no evidence to show he had been unable to find alternative employment during the preceding three months, the deputy commissioner entered an award in his favor, and the employer requested review. The full Commission found that Harrison "was laid off . . . for economic reasons, through no fault of his own." Affirming the award and citing the rule it had applied in earlier cases, the Commission held that he "is entitled to the resumption of compensation benefits . . . effective December 8, 1982 and continuing until he recovers from the effects of his injury and can return to his regular employment, or until other selective employment is obtained for him."

We limited the appeal to consideration of the employer's first assignment of error: "The Industrial Commission erred by awarding temporary total disability benefits subsequent to an economic lay-off without any evidence being offered by the claimant of his inability to market his remaining work capacity."

■ In March 1960, we decided three cases relevant to the question presented here. In each, a coal miner had become partially disabled on account of an occupational disease (silicosis) but was totally disabled to perform his regular employment. In *Fuel Company* v. *Agee*, 201 Va. 678, 112 S.E.2d 835 (1960), we reversed an award of temporary total disability benefits because we found that the claimant had not borne his burden of proving that he was

"unable to market his remaining capacity for work." *Id.* at 681, 112 S.E.2d at 837. Repeating that holding in *Fuel Company* v. *Barbour*, 201 Va. 682, 112 S.E.2d 904 (1960), we said that "whether a workman, who is partially physically incapacitated, is able to obtain employment requires proof that a reasonable effort to procure work has been made." *Id.* at 684, 112 S.E.2d at 906. Applying the same standard in *Coal Company* v. *Fletcher*, 201 Va. 645, 112 S.E.2d 833 (1960), we upheld the compensation award because the claimant had proved that "he was willing to accept other employment and did make an effort to work outside the mine but was unable to perform that work." *Id.* at 648, 112 S.E.2d at 835.

■ Harrison agrees that the claimants in *Agee* and *Barbour* had the burden of proving entitlement because "[n]either had been under an Award of the Industrial Commission nor had they shown disability prior to their claims." Harrison contends, however, that he did not have to bear that burden because, he says, he "had already established his initial compensable injury" and "was under a continuing disability through the date of his termination." But, at the time Harrison's hearing was conducted, the Commission had entered no award, Harrison had not proved the nature or extent of his disability in that forum, and, while the question of *compensability* of the injury had been mooted by the agreement, Harrison's procedural posture as to his *entitlement* was otherwise no different than that of the claimants in *Agee* and *Barbour*. His disability, like theirs, was only partial, and to establish entitlement, he had the burden of proving that he had made a reasonable effort to procure suitable work but was unable to market his remaining work capacity.

■ Under Code § 65.1-63, a partially disabled worker who refuses his employer's offer of work "suitable to his capacity" loses his entitlement to all compensation "during the continuance of such refusal". Construing that statute at the last session of this Court, we said that "the legislative intent is to encourage injured employees to seek selective employment rather than to remain unemployed unless the employer finds such employment for them." *Big D Homebuilders* v. *Hamilton*, 228 Va. 378, 382, 322 S.E.2d 839, 841 (1984) (upholding award of temporary total disability benefits where employer offered no selective work and claimant found four jobs for himself).

■ We believe the Commission's decision in this case is inconsistent with legislative intent. Reaffirming the principles applied in *Agee, Barbour, Fletcher*, and *Hamilton*, we hold that Harrison failed to bear his burden of proof, and the award will be reversed. However, since it appears that he may have relied upon Commission precedents contrary to those principles, we will remand the case with instructions to restore his claim to the docket with leave to the parties to offer additional evidence.

*Reversed and remanded.*