NATIONAL LINEN SERVICE

v.

THOMAS MCGUINN

No. 1305-85

Decided September 2, 1986

COUNSEL

Benjamin J. Trichilo (Lewis & Trichilo, on brief), for appellant.

Metin A. Cay (Ashcraft & Gerel, on brief), for appellee.

OPINION ·

**MOON, J.** — National Linen Service (National) seeks reversal of an Industrial Commission decision awarding temporary total disability benefits to Thomas McGuinn. Although the Commission found that McGuinn, who was partially disabled, had not made reasonable efforts to secure other employment in order to market his remaining employment skills, it held that because National had voluntarily paid benefits to him without a written memorandum of agreement, it was liable to McGuinn for temporary total disability benefits until it proved that it offered McGuinn suitable alternatives of employment, the same burden of proof it would

have had if an agreement had been approved. We reverse because we find the decision is in conflict with the Supreme Court's ruling in *Washington Metropolitan Area Transit Authority v. Harrison*, 228 Va. 598, 324 S.E.2d 654 (1985).

Thomas McGuinn injured his ankle on August 5, 1983, while he was employed by National as a laundry truck driver. He underwent surgery for reconstruction of the lateral ankle ligaments and was released by his doctor for light duty work on August 6, 1984, with the only limitation being against going up and down stairs and lifting heavy objects. National voluntarily paid McGuinn temporary total disability benefits from November 22, 1983, through December 17, 1984. No memorandum of agreement was executed by the parties. On December 19, 1984, McGuinn returned to light duty work for National for the first time. The job did not require any heavy lifting or walking up and down stairs, but McGuinn advised his employer that he was incapable of performing the work. McGuinn's doctor recommended that he attempt to work no more than four hours a day but National had no such part-time position available. National ceased paying the benefits and McGuinn filed an application on January 23, 1985, for a hearing before the Industrial Commission, alleging continued entitlement to temporary total benefits beginning August 5, 1983.

An employee who is only partially incapacitated is not entitled to temporary total disability benefits unless he has established that he has made a reasonable effort to market his remaining capacity for work. *Harrison*, 228 Va. at 600-01, 324 S.E.2d at 655-56. In *Harrison*, the insurer had voluntarily paid benefits to the claimant and had submitted a signed memorandum of agreement to the Industrial Commission, but no award had been entered by the Commission approving the voluntary agreement. The Supreme Court noted that "while the question of compensability of the injury had been mooted by the agreement, Harrison's procedural posture as to his entitlement was otherwise no different than that of the claimants in *Agee* and *Barbour*," two cases previously before the court in which the claimants had no memorandum of agreement. The Supreme Court held that each claimant bore "the burden of proving that he had made a reasonable effort to procure suitable work but was unable to market his remaining work capacity." *Id.* at 601, 324 S.E.2d at 656; *see also Pocahontas Fuel*

*Co. v. Agee*, 201 Va. 678, 681, 112 S.E.2d 835, 839 (1960); *Pocahontas Fuel Co. v. Barbour*, 201 Va. 682, 684, 112 S.E.2d 904, 906 (1960). Prior to the holding in *Harrison*, the Industrial Commission would award temporary total disability benefits to a partially disabled employee unless the employer offered or found suitable light work. *See, e.g., Oakes v. Commercial Contracting Corp.*, 56 O.I.C. 237 (1975). *Harrison* reversed this frequent Industrial Commission ruling and reaffirmed the holdings in *Agee* and *Barbour*.

The Commission admits, and we agree, that:

> If an agreement had been executed on this case, the claimant would have been placed under an Award, and the burden of proof would have shifted to the carrier to establish a change in condition which would have required evidence that the employee is either able to return to his regular employment or had been offered or provided selective employment within his capacity.

*See Dillard v. Industrial Commission*, 416 U.S. 783, 788-89 (1974)(Code § 65.1-99 "has been interpreted as applying also to voluntary agreements that have been approved by the Commission") (citing *Manchester Board and Paper Co. v. Parker*, 201 Va. 328, 111 S.E.2d 453 (1959)). The party alleging a change in condition has the burden of proof. *J.A. Foust Coal Co. v. Messer*, 195 Va. 762, 765, 80 S.E.2d 533, 535 (1954).

However, the Commission stated that because National paid benefits to McGuinn for thirteen months without entering into a memorandum of agreement, it would be held to the same standard: requiring the employer to show that it offered or provided selective employment to the employee that was within his capacity to perform. It, therefore, has adopted an exception to the *Harrison* decision.

■ This exception is not authorized by *Harrison, Agee*, or *Barbour* and has no basis in the Workers' Compensation Act or rules of the Industrial Commission. In fact, the Commission treated McGuinn's case as if it was change in condition when it clearly was not. "A change in condition means a different condition from that existent when the award was made (or, in McGuinn's case, when payments began); and a continued inca-

pacity of the same kind and character, and for the same injury, is not a change in condition." *J.A. Jones Construction Co. v. Martin*, 198 Va. 370, 375, 94 S.E.2d 202, 206 (1956) (quoting *Hartford Accident & Indemnity Co. v. Carroll*, 75 Ga. App. 437, 43 S.E.2d 722, 728 (1947)). The record indicates that National voluntarily paid McGuinn workers' compensation benefits without a memorandum of agreement or award, until it ceased payments on December 17, 1984. McGuinn then filed an application for a hearing on January 23, 1985, alleging *continued entitlement* to temporary total benefits. The Supreme Court clearly stated in *Harrison*: "[T]o establish entitlement . . . [the claimant] had the burden of proving that he had made a reasonable effort to procure suitable work but was unable to market his remaining work capacity." *Harrison*, 228 Va. at 601, 324 S.E.2d at 656. Whether a memorandum of agreement had been entered into has no bearing upon who bore the burden of proof in this case because neither party alleged a change in condition.

██ Also, Code § 65.1-93 merely requires that *if* a memorandum of agreement is reached it must be filed with the Industrial Commission for its approval. There is no requirement that there be any memorandum of agreement. In fact the law encourages voluntary payments by the employer. *See* Code § 65.1-72. Voluntary payments of compensation or disability benefits by an employer do not waive the right of the employer to assert any defenses it may have absent fraud or concealment on the part of the employer or the insurer. *See Stuart Circle Hospital v. Alderson*, 223 Va. 205, 208, 288 S.E.2d 445, 446-47 (1982); *Clark v. United Airlines*, 223 Va. 197, 200, 288 S.E.2d 441, 442 (1982). However, there is no contention by McGuinn of any fraud, concealment, or misrepresentation on the part of National or its insurer. Therefore, there is no basis for ruling that National has the burden of proof because it did not enter into a memorandum of agreement.

██ McGuinn testified that he did not make much of an effort to find employment because he thought he was covered by compensation. However, he did claim that he made some effort to find a job. He asked several employees in a restaurant that he frequented if they needed additional help and he also asked his father, who owned some convenience stores, if he could put him to work. He also stated that he sought a painting job. However, there was no evidence that he ever filed a job application with any em-

ployer. Whether McGuinn has made a reasonable effort to market his remaining work capacity, as defined in *Harrison*, was a factual issue to be determined by the Commission and is binding on appeal. *See Webb v. Eastern Airlines*, 1 Va. App. 421, 422, 339 S.E.2d 563, 564 (1986); Code § 65.1-98. The evidence supports the Commission's factual finding that McGuinn did not prove that he had made reasonable efforts to market his remaining capacity to work.

Therefore, the decision of the Commission awarding McGuinn temporary total disability benefits is modified to allow for the payment of compensation for temporary total work incapacity for only the period commencing November 22, 1983, and ending December 18, 1984, with National receiving credit for the compensation already paid. The Commission's decision to award benefits after December 18, 1984, is reversed.

*Reversed.*

Keenan, J., concurred.

Benton, J., dissenting.

The employer paid McGuinn compensation for disability for thirteen months without filing a Memorandum of Agreement. Code § 65.1-93, which requires voluntary agreements regarding compensation to be filed with the Commission, provides in pertinent part as follows:

> If after injury or death, the employer and the injured employee or his dependents *reach an agreement* in regard to compensation or in compromise of a claim for compensation under this Act, a memorandum of the agreement in the form prescribed by the Industrial Commission *shall* be filed with the Commission for approval (emphasis added).

I believe that the Commission correctly concluded that "it is reasonable to infer that the parties had reached an agreement as to the payment of compensation since the payments had been made for thirteen months and there was no issue raised as to the compensability of the . . . [injury]." Furthermore, the Commission stated and the majority opinion agrees that:

If an agreement had been executed in this case, the claimant would have been placed under an Award, and the burden of proof would have shifted to the carrier to establish a change in condition which would have required evidence that the employee is either able to return to his regular employment or had been offered or provided selective employment within his capacity.

*See also J.A. Foust Coal Co. v. Messer*, 195 Va. 762, 765, 80 S.E.2d 533, 535 (1954).

The record supports the Commission's finding that McGuinn reasonably believed that he was still entitled to compensation in view of the fact that the employer had paid compensation for a period of thirteen months without executing a Memorandum of Agreement.

I believe that the Commission correctly determined that the employer's failure to file a "memorandum of the agreement" as required by Code § 65.1-93, its payment of compensation to the claimant for thirteen months, its failure to offer selective employment to McGuinn, and its failure to contest the *compensability* of the injury cannot put the employer in a better position than it would have been in had it followed the requirements of Code § 65.1-93.

I further believe that *Washington Metropolitan Area Transit Authority v. Harrison*, 228 Va. 598, 324 S.E.2d 654 (1985) is not applicable to the circumstances of this case. There was no allegation in *Harrison* that there was a violation of Code § 65.1-93. Furthermore, the employer in *Harrison* offered the claimant selective employment commensurate with his remaining work capacity, and the claimant accepted the work until terminated for economic reasons, eliminating any possibility that the claimant could have reasonably believed that he was entitled to total disability compensation.

For these reasons I would affirm the Commission's award.