COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Annunziata and Senior Judge Hodges
Argued at Norfolk, Virginia


DEMETRICE DIANE ALLEN
                                       MEMORANDUM OPINION[*] BY
v.          Record No.  2178-95-1    JUDGE ROSEMARIE ANNUNZIATA
                                              MAY 14, 1996
NEWPORT NEWS SHIPBUILDING &
 DRY DOCK COMPANY


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               Robert J. Macbeth, Jr. (Rutter & Montagna, on
               brief), for appellant.

               Jonathan H. Walker (Melissa Robinson Link;
               Mason & Mason, on brief), for appellee.



     Claimant, Demetrice Diane Allen, appeals the decision of the

Virginia Workers' Compensation Commission reversing an award of

temporary total disability benefits.  Claimant was discharged

from selective employment because she failed to maintain a

security clearance required by her position.  On appeal, claimant

contends the commission erred in construing her discharge as an

unjustified refusal of selective employment and in finding she

had failed to cure her unjustified refusal.  We affirm.

                                I

     In January 1992, claimant sustained a compensable injury by

accident while working for employer, Newport News Shipbuilding &

Dry Dock Company.  Employer subsequently procured selective

employment for claimant within her physical restrictions, and

---
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

claimant returned to work with employer in a capacity commensurate with her physical ability.

As a condition of her employment, claimant was required to maintain a security clearance. In December 1993, claimant lost her security clearance and, as a result, was discharged. The parties agree that claimant was discharged solely because her clearance was revoked, not because of any disciplinary or performance problem. Claimant testified that she lost her clearance because she failed to maintain good credit.

The employment application claimant signed when she applied for work with employer states, in part:

> If employed by the company, I understand that such employment is subject to the security policies of the company. I further understand and [sic] that if the position for which I am hired requires access to classified information and I am not able to obtain a security clearance, I will not be allowed to work in this position. My employment with the company in a position not requiring security clearance depends upon the existence of such a position for which I am qualified.

In response to claimant's interrogatories, employer stated that it had some "administrative" positions in "Human Resources, Accounting, Treasury, Payroll, Management Cafeteria, Workers Compensation, Health Claims, etc." that did not require the employee to maintain a security clearance. Claimant's supervisor testified that, though an employee could not work in claimant's department without a security clearance, he thought other positions not requiring a security clearance existed elsewhere in

the company.  The supervisor did not determine whether such jobs were available for claimant, and employer did not offer claimant a job in which a security clearance was not required.  She also stated that she was not aware that such jobs existed and that she had not applied for one.

Subsequent to her termination, claimant received unemployment compensation while she looked for work.  During the nineteen weeks claimant received unemployment, she applied for three jobs per week, seeking any position she could find.  Claimant testified that she applied for fifty-two jobs after her unemployment benefits ceased in June 1994 until the date of the hearing.  However, she remained unemployed from the time she was discharged through the date of the hearing, except for the period November 19 to December 18, 1994.  Claimant was scheduled to start work April 15, 1995, the day after the hearing.

The deputy commissioner concluded that because claimant was terminated solely because she lost a qualification for employment, and not for wrongdoing, she had not unjustifiably refused her selective employment.  The deputy commissioner found that the language in the employment application cited above establishes that employer could have procured a position for claimant which did not require a security clearance.  Finding that employer had not offered claimant such a position, the deputy commissioner found that employer had withdrawn its offer of selective employment.  The deputy commissioner also found that

claimant had made a reasonable effort to market her residual capacity. Therefore, the deputy commissioner awarded claimant, _inter alia_, (1) temporary total disability benefits from December 19, 1993 to November 18, 1994 and from December 19, 1994 to April 14, 1995; and (2) temporary partial disability benefits from November 19 to December 18, 1994.

The full commission concluded that claimant's loss of her security clearance amounted to an unjustified refusal of selective employment. Except for the period from November 19 to December 18, 1994, the commission found claimant's effort to secure employment inadequate. Accordingly, the commission reversed the temporary total benefits awards and affirmed the temporary partial benefits award. Claimant appeals the commission's reversal of temporary total disability benefits. We affirm.

II

The initial question we must decide is whether claimant's discharge, based solely on the revocation of her security clearance, amounts to an "unjustified refusal of selective employment," as the commission concluded, or to a withdrawal of selective employment, as the deputy commissioner concluded. "The [c]ommission's construction of the Act is entitled to great weight on appeal, . . . [but] the `conclusions of the [c]ommission upon questions of law, or mixed questions of law and fact, are not binding.'" _City of Waynesboro v. Harter_, 1 Va.

- 4 -

App. 265, 269, 337 S.E.2d 901, 903 (1985) (citations omitted).

A disabled employee's discharge from selective employment for reasons unrelated to her disability but for which she is responsible is equivalent to an unjustified refusal of selective employment.  See Eppling v. Schultz Dining Programs, 18 Va. App. 125, 130, 442 S.E.2d 219, 222 (1994) (claimant discharged for absenteeism caused by health problems unrelated to disability); American Furniture Co. v. Doane, 230 Va. 39, 43, 334 S.E.2d 548, 550 (1985) (refusal of selective employment caused by unrelated health problems); Marval Poultry Co., Inc. v. Johnson, 224 Va. 597, 599, 299 S.E.2d 343, 344 (1983) (claimant discharged for dishonesty); Goodyear Tire & Rubber Co. v. Watson, 219 Va. 830, 833, 252 S.E.2d 310, 312-13 (1979) (claimant discharged for unsatisfactory performance at selective employment); Potomac Edison Co., Inc. v. Cash, 18 Va. App. 629, 631, 446 S.E.2d 155, 156 (1994) (claimant discharged for willful misconduct); cf. Washington Metropolitan Transit Authority v. Harrison, 228 Va. 598, 600-01, 324 S.E.2d 654, 655-56 (1985) (where discharge from selective employment due to economic conditions was, effectively, a withdrawal of selective employment, entitling employee to a resumption of compensation upon making a reasonable effort to market his residual capacity); see generally A. Larson, The Law of Workmen's Compensation § 57.64(a) (1995).  The rationale for this principle is that

> when an employee's work-related disability
> has resolved itself to the point that the
> worker can return to gainful employment, he

> or she is required to do so. An employer is
> not responsible for a disabled employee who
> is no longer unable to return to gainful
> employment because of his or her work-related
> injuries, but is prevented from doing so for
> other reasons.

Eppling, 18 Va. App. at 130, 442 S.E.2d at 222. The standard for finding an unjustified refusal is not wrongdoing on the part of the employee that leads to discharge. See id. (claimant discharged for absenteeism caused by health problems unrelated to disability); Doane, 230 Va. at 43, 334 S.E.2d at 550 (refusal of selective employment due to unrelated health problems).

Here, claimant was discharged from selective employment due solely to her failure to maintain a security clearance, a reason wholly unrelated to her disability and for which she alone was responsible. We find that claimant's failure to maintain her qualifications for the light duty work employer offered amounts to an unjustified refusal of selective employment.

Claimant's argument that there can be no refusal of selective employment without an offer of selective employment is without merit. Employer clearly provided her selective employment. Claimant cites no authority for her proposition that, since other jobs were available at the shipyard that did not require a security clearance, her discharge amounted to a withdrawal of selective employment. Moreover, we find the language in the employment agreement is not determinative. An offer of selective employment was made, accepted, and later "unjustifiably refused." Assuming, without deciding, employer

had other positions available, it bore no duty to make a further offer.  See National Linen Service v. McGuinn, 8 Va. App. 267, 272 n.5, 380 S.E.2d 31, 34 n.5 (1989).[1]

Accordingly, we conclude that the commission did not err in construing claimant's discharge as an unjustified refusal of selective employment.

                                    III

Next, we must decide whether the commission erred in finding claimant failed to cure her unjustified refusal of selective employment.  On appeal, the findings of fact made by the commission will be upheld where supported by credible evidence. E.g., James v. Capitol Steel Const. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

An employee can "cure" an unjustified refusal of selective employment, and thereby become entitled to a resumption of benefits, by procuring employment paying a wage comparable to the wage the employee earned at the job unjustifiably refused. Burnette, 17 Va. App. at 79-80, 435 S.E.2d at 159-60; see also Christiansen v. Metro Building Supply, Inc., 18 Va. App. 721,

---

[1]We note that had employer not offered or procured selective employment, or had it withdrawn the offer it made, claimant would have been entitled to receive benefits upon showing she had made a reasonable effort to market her residual capacity.  See Virginia Wayside Furniture, Inc. v. Burnette, 17 Va. App. 74, 79, 435 S.E.2d 156, 159 (1993); see Ellerson v. Grubb Steel Erection Co., 1 Va. App. 97, 102, 335 S.E.2d 379, 382 (1985); cf. Harrison, 228 Va. at 600-01, 324 S.E.2d at 655-56 (employee who lost selective employment due to economic condition of employer entitled to resumption of benefits after making reasonable effort to market residual capacity).

725, 447 S.E.2d 519, 521 (1994), rev'd on other grounds, 19 Va. App. 513, 453 S.E.2d 302 (1995). An employee may also cure an unjustified refusal of selective employment by making a good faith effort to obtain suitable employment. Burnette, 17 Va. App. at 79, 435 S.E.2d at 159. The rationale for such a rule is apparent in the legislative intent of Code § 65.2-510: "to encourage injured employees to seek selective employment rather than to remain unemployed unless the employer finds such employment for them." Id. (quoting Harrison, 228 Va. at 601, 324 S.E.2d at 656).

Claimant testified that, pursuant to directions from the VEC, she applied for three positions per week for nineteen weeks. However, she presented no evidence to show the dates of those contacts, the potential employers she contacted, the points of contact, the positions for which she applied, or whether the positions were within her physical restrictions. Claimant further testified that she applied for fifty-two positions after her unemployment compensation ceased in June 1994 until the date of the hearing. However, she presented no evidence to show the dates of those contacts or whether the positions were within her restrictions. Thus, we find that credible evidence supports the commission's finding that claimant failed to cure her unjustifiable refusal of selective employment by making a good faith effort to obtain suitable employment during the periods from December 19, 1993 to November 18, 1994 and from December 19,

1994 to April 14, 1995.

Accordingly, the decision of the commission is affirmed.

<u>Affirmed.</u>