COURT OF APPEALS OF VIRGINIA

Present: Judges Coleman, Bray and Bumgardner
Argued at Norfolk, Virginia


ROY RAYMOND CARNES

                                    MEMORANDUM OPINION[*] BY
v.         Record No. 2711-97-1     JUDGE SAM W. COLEMAN III
                                         JUNE 30, 1998
RAYTHEON CONSTRUCTORS, INC. and
 LIBERTY MUTUAL FIRE INSURANCE COMPANY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                John H. Klein (Rutter & Montagna, on brief),
                for appellant.

                William C. Walker (Donna White Kearney;
                Taylor & Walker, P.C., on brief), for
                appellees.


        In this appeal from the Workers' Compensation Commission,
Roy Raymond Carnes (claimant) contends the commission erred when
it denied him total temporary disability benefits on the ground
that he failed to prove that he made reasonable efforts to market
his residual work capacity between December 4, 1996 and
January 6, 1997, and beginning February 18, 1997 and continuing.
 Finding no error, we affirm the commission's decision.

        On October 23, 1996, claimant sustained a compensable back
injury while working for Raytheon Constructors, Inc. (employer)
as a carpenter.  The parties stipulated that claimant was
entitled to temporary total disability benefits from November 14,
1996 through December 3, 1996, and from January 7, 1997 through

    _____
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

February 17, 1997. The commission found, and claimant does not contest, that between the dates of December 4, 1996 to January 7, 1997, and beginning February 18, 1997 and continuing, claimant was released to light-duty work subject to a five-pound lifting restriction.

Employer's Safety Supervisor, Howard Day, testified that, upon being injured, claimant was given a telephone number which he could use to inquire into light-duty work with employer. Day testified, and claimant admitted, that claimant did not inform employer of his release to light-duty work. Day testified that he could not say that a light-duty job definitely would have been available for claimant had he contacted employer.

Claimant admitted that he did not begin to look for light-duty work until February 3, 1997. Claimant testified that he unsuccessfully applied for employment with 110 potential employers. He stated that all of the jobs he applied for were in construction, landscaping, and carpentry. Several of these employers told claimant that they had no light-duty jobs available for him and that he should reapply upon being released to full duty by his doctor. Claimant admitted that he was not capable of performing any of the jobs to which he applied because they required lifting weights in excess of his five-pound lifting restriction. He explained, however, that he was willing to attempt to perform these jobs despite the lifting restriction.

The commission held that claimant did not make reasonable

- 2 -

efforts to market his residual work capacity because he only applied for jobs that were beyond his physical limitations.

A claimant who is released to light-duty work must prove that he has made a reasonable effort to market his remaining work capacity during any period for which disability benefits are sought.  See Washington Metro. Area Transit Auth. v. Harrison, 228 Va. 598, 601, 324 S.E.2d 654, 655 (1985).  What constitutes a reasonable marketing effort is determined by the facts and circumstances of each case.  See Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 100 (1987).

When reviewing the commission's denial of disability benefits, we view the evidence in the light most favorable to the employer, as the prevailing party below.  See National Linen Serv. v. McGuinn, 8 Va. App. 267, 270, 380 S.E.2d 31, 32 (1989). Unless we can say that claimant's evidence as a matter of law proved that he reasonably marketed his residual work capacity, the commission's finding is conclusive and binding upon us.  See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

FIRST PARTIAL DISABILITY PERIOD:
DECEMBER 4, 1996 THROUGH JANUARY 6, 1997

The evidence established that claimant did not seek any light-duty work from the employer or elsewhere between December 4, 1996 and January 6, 1997.  Whether light-duty work was available from the employer is inapposite to the claimant's burden to prove a reasonable marketing effort.  The claimant,

upon whom the marketing burden rests, did not make known to the employer his availability for light-duty work. But, moreover, during this period he made no effort to market his residual capacity. We cannot find, as a matter of law, that claimant sufficiently marketed his residual work capacity during the first disability period in question.

SECOND DISABILITY PERIOD:
FEBRUARY 18, 1997 AND CONTINUING

A claimant does not meet his burden of proving that he made reasonable efforts to market his residual work capacity where he confines his job search to work for which he is not qualified by education, experience, or physical limitations. See Bateman, 4 Va. App. at 467-68, 359 S.E.2d at 102-03. The "effort to seek employment will not be deemed reasonable if the claimant places undue limitations on the kind of work he will accept, including limitations not justified by the character of his impairment." Id. at 467, 359 S.E.2d at 102 (quoting 2 A. Larson, Workmen's Compensation Law § 57.61(d) (1987)). It appears by claimant's own admission that he confined his marketing efforts to carpentry, construction and landscaping jobs that were not within his physical limitations. Claimant did not look for a sedentary job or one that did not require lifting. Thus, under Bateman, we cannot say that the commission erred by finding that claimant failed to prove he reasonably marketed his residual capacity after February 18, 1997.

Accordingly, we affirm the commission's decision.

<u>Affirmed.</u>