COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Frank


MELVIN K. BLACKEN

                                        MEMORANDUM OPINION*
v.    Record No. 0106-99-1                   PER CURIAM
                                           JUNE 15, 1999
NEWPORT NEWS SHIPBUILDING
 AND DRY DOCK COMPANY


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          (John H. Klein; Montagna, Klein & Camden,
          L.L.P., on brief), for appellant.

          (Christopher R. Hedrick; Mason & Mason, P.C.,
          on brief), for appellee.


     Melvin K. Blacken (claimant) contends that the Workers'

Compensation Commission (commission) erred in denying his

change-in-condition application seeking an award of temporary

total disability benefits beginning March 3, 1997 on the ground

that he failed to reasonably market his residual work capacity.

Upon reviewing the record and the briefs of the parties, we

conclude that this appeal is without merit.  Accordingly, we

summarily affirm the commission's decision.  See Rule 5A:27.

     A claimant who is released to light-duty work must prove that

he has made a reasonable effort to market his remaining work

capacity during any period for which disability benefits are

_____

     *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

sought.  See Washington Metro. Area Transit Auth. v. Harrison, 228

Va. 598, 601, 324 S.E.2d 654, 655 (1985).  What constitutes a

reasonable marketing effort is determined by the facts and

circumstances of each case.  See Great Atl. & Pac. Tea Co. v.

Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 100 (1987).

When reviewing the commission's denial of disability benefits, we

view the evidence in the light most favorable to the employer, as

the prevailing party below.  See National Linen Serv. v. McGuinn,

8 Va. App. 267, 270, 380 S.E.2d 31, 32 (1989).  Unless we can say

that claimant's evidence as a matter of law proved that he

reasonably marketed his residual work capacity, the commission's

finding is conclusive and binding upon us.  See Tomko v. Michael's

Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In denying claimant's application, the commission found as

follows:

> Blacken retired from the employer in March
> 1997.  Although he looked for work between
> March and August 1997, once he started
> receiving his social security disability
> benefits in August 1997, the claimant
> stopped looking for employment and did not
> resume his efforts to find employment again
> until January 1998.  Furthermore, of the
> places of employment the claimant personally
> visited, none were hiring, and the claimant
> admitted that only two of the positions fit
> within his physical restrictions. . . .
>
> The claimant also impermissibly restricted
> the geographical area of his job search.
> Although claimant commuted to work for
> twenty-four years to Newport News, the
> claimant restricted his job search to areas

-

close to his residence and did not look for work in Newport News.

A claimant does not meet his burden of proving that he made reasonable efforts to market his residual work capacity where he confines his job search to work for which he is not qualified by education, experience, or physical limitations. See Bateman, 4 Va. App. at 467-68, 359 S.E.2d at 102-03. "'[T]he effort to seek employment will not be deemed reasonable if the claimant places undue limitations on the kind of work he will accept, including limitations not justified by the character of his impairment.'" Id. at 467, 359 S.E.2d at 102 (quoting 2 A. Larson, Workmen's Compensation Law § 57.61(d) (1987)).

Here, the evidence established that claimant confined his marketing effort almost exclusively to jobs that were not within his physical limitations. Claimant admitted that his job search included only two jobs for which he believed he was physically qualified. Claimant made little or no effort to secure a sedentary job within his limitations. He also admitted that all of the positions for which he applied were not hiring. In addition, claimant confined his job search to the Mathews and Gloucester geographical areas, when he had worked in Newport News for at least twenty-four years. He admitted he had made no attempt to secure work in the Newport News area, although his ability to drive had not been restricted. The record contains

-

no reasonable explanation for why claimant limited his job search in these respects.

Under the facts and circumstances of this case, we cannot say as a matter of law that claimant's evidence sustained his burden of proving that he made a good faith, reasonable effort to market his residual work capacity.

For these reasons, we affirm the commission's decision.

Affirmed.