COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Senior Judge Hodges


JON COX
                                    MEMORANDUM OPINION*
v.    Record No. 2976-98-1              PER CURIAM
                                       JUNE 15, 1999
VIRGINIA POWER AND VIRGINIA
 ELECTRIC & POWER COMPANY



          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          (Gary P. Arsenault; Grey & Arsenault, P.C.,
          on brief), for appellant.

          (Charles F. Midkiff; Midkiff & Hiner, P.C.,
          on brief), for appellees.


     Jon Cox contends that the Workers' Compensation Commission

erred in finding he had not made reasonable efforts to market his

residual work capacity from February 12, 1997 and continuing.

Upon reviewing the record and the briefs of the parties, we

conclude that this appeal is without merit.  Accordingly, we

summarily affirm the commission's decision.  See Rule 5A:27.

     To obtain compensation for wage loss, a partially disabled

employee has the burden of proving "he had made a reasonable

effort to procure suitable work but was unable to market his

remaining work capacity."  Washington Metropolitan Area Transit

Authority v. Harrison, 228 Va. 598, 601, 324 S.E.2d 654, 656

_____

     *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

(1985). "In determining whether [an employee] has made a reasonable effort to market his remaining work capacity, we view the evidence in the light most favorable to . . . the prevailing party before the commission." National Linen Serv. v. McGuinn, 8 Va. App. 267, 270, 380 S.E.2d 31, 32 (1989).

In holding that Cox failed to reasonably market his residual skills, the commission found as follows:

> After [Cox] was released to light duty work, he looked for only two jobs a week from January 1997 through April 1997, looked for four jobs a week in May but then did not look for any more work until November 1997. He only looked four times in November, did not look for work in December, looked once in January 1998, did not look for work in February or March 1998 and only looked four times in April.
>
>     *     *     *     *     *     *     *
>
> [Cox] voluntarily left two jobs, the first in November 1996 while earning $500.00 a week and the second in January 1997, while earning about $400.00. The medical reports show [Cox] can work as a truck driver and there are available jobs that pay from $280.00 to $1,000.00. Although he found part-time work in May 1997, he only earned $223.00 a week in 1997 and $183.00 a week in 1998.

The commission's factual findings are amply supported by the record. Based upon those findings and in considering the factors set forth in McGuinn, we cannot say as a matter of law that Cox made a reasonable good faith effort to market his residual work capacity from February 1997 and continuing.

- 2 -

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>