COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Bumgardner and McClanahan
Argued by teleconference


STEVEN L. WHITE
                                          OPINION BY
v.   Record No. 2954-02-2    JUDGE ELIZABETH A. McCLANAHAN
                                          AUGUST 5, 2003
REDMAN CORPORATION AND
 TWIN CITY FIRE INSURANCE COMPANY


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          Stephen T. Harper (Kerns, Kastenbaum &
          Reinhardt, P.L.C., on brief), for
          appellant.

          S. Vernon Priddy III (Sands Anderson
          Marks & Miller, on brief), for appellees.


     Steven L. White (claimant) appeals a decision of the

Virginia Workers' Compensation Commission denying his claim for

compensation benefits after December 13, 2000.  Claimant

contends that the commission incorrectly held that (1) claimant

was not entitled to a finding of a de facto award, and (2)

claimant had a duty to market his residual capacity to work

after December 13, 2000.  For the reasons that follow, we affirm

the decision of the commission.

                        I.  Background

     Claimant, a resident of New York, began working in Virginia

as an ironworker with Redman Corporation, a bridge building

company, in the fall of 1999.  On February 23, 2000, claimant

suffered multiple fractures to his pelvis, right elbow, right arm, right hand and legs due to an accidental fall from a bridge. Claimant was initially treated for his injuries by orthopedic surgeon Dr. Robert Adelaar. After discharge from the hospital, on March 3, 2000, claimant required home health care for approximately two months.

Employer began making voluntary payments on February 24, 2000 in the amount of $407.82, based on an average weekly wage of $611.73. On April 13, 2000, claimant filed a Claim for Benefits for accidental injury, seeking permanent disability benefits beginning February 24, 2000 and continuing. On July 14, 2000, employer sent claimant a proposed "Memorandum of Agreement" to pay benefits. The agreement form reflected that employer would pay temporary total benefits of $407.82 per week based on an average weekly wage of $611.73, consistent with the voluntary payments employer had been making since the day after the injury. A letter enclosed with the agreement form requested that claimant sign the agreement and return it to employer as soon as possible so it could be submitted to the commission.

On September 18, 2000, claimant sent letters to the commission and employer acknowledging receipt of the agreement form and disputing the employer's average weekly wage calculation. There was no evidence that the agreement form was ever signed by the claimant or that it was ever submitted to the commission.

On December 13, 2000, a doctor with whom claimant was consulting in New York, reported on a New York State Workers' Compensation form that claimant was able to perform light duty. Also on December 13th, claimant sent a letter to the commission requesting a continuance and acknowledging that employer was raising a defense of failure to market. The commission granted the request for continuance until September 24, 2001, when the matter went to hearing.

At hearing, the parties stipulated that, (1) claimant suffered a compensable injury by accident on February 23, 2000; (2) claimant made no effort to market any residual capacity since his accident; and (3) wage figures of a similarly situated employee of employer that were presented to the commission for the purpose of calculating claimant's average weekly wage were accurate. The deputy commissioner calculated claimant's average weekly wage at $809.91, determined that claimant was released to light duty on December 13, 2000, and found that claimant was required to market his residual capacity because there was no agreement as to compensation between the parties that would trigger a finding of a de facto award.

Both parties sought review of the deputy commissioner's decision. On October 18, 2002, the commission affirmed the award, ruling that a de facto award was not appropriate in this case and that claimant had a reasonable basis to conclude that he could perform some light duty as of December 13, 2000.

II.  Analysis

In accordance with well established principles, we consider the evidence in the light most favorable to the party prevailing below.  States Roofing Corp. v. Bush Constr. Corp., 15 Va. App. 613, 616, 426 S.E.2d 124, 126 (1993).  "Factual findings of the commission that are supported by credible evidence are conclusive and binding upon this Court on appeal."  So. Iron Works, Inc. v. Wallace, 16 Va. App. 131, 134, 428 S.E.2d 32, 34 (1993).  The commission's findings, if supported by credible evidence or reasonable inferences drawn from the evidence, will not be disturbed upon review, even though the record may contain evidence to support a contrary finding.  Morris v. Badger Powhatan/Figgie Int'l, Inc., 3 Va. App. 276, 279, 348 S.E.2d 876, 877 (1986).

Claimant contends that the evidence supports a finding of a de facto award because the parties stipulated that there was a compensable injury by accident and that employer made voluntary payments to claimant for a substantial period of time without filing a memorandum of agreement with the commission as required by statute.  Claimant asserts that the facts of this case parallel the facts of Nat'l Linen Serv. v. McGuinn, 5 Va. App. 265, 362 S.E.2d 187 (1987) (en banc).  We disagree.

In McGuinn, the parties had no dispute as to any issue of compensation.  The employer, in contravention of the policy behind Code § 65.1-93 (now Code § 65.2-701), which encourages

- 4 -

the voluntary settlement of claims, failed to prepare, execute or file a memorandum of agreement. In this case, employer forwarded an agreement form to claimant with a request that he sign and return it as soon as possible so it could be filed with the commission. Claimant elected not to sign the agreement form because he did not agree with the average weekly wage calculation. In a letter to employer, dated December 13, 2000, claimant demonstrated that the parties were not in agreement by stating that the case could not go forward until the average weekly wage issue was resolved.

In Watts v. P & J Hauling, ___ Va. App. ___, ___ S.E.2d ___ (2003), a case factually similar, also decided this day, we held that the finding of a de facto award requires that the parties are in agreement as to the amount of compensation. Despite claimant's contention, he was not in the untenable position of being forced to sign the employer's proposed agreement to his detriment. He had several options open to him, including preparing his own agreement form and forwarding it to employer to execute and file with the commission. Code § 65.2-701(A).

The statute recognizes that the amount of compensation is a necessary part of the agreement. In pertinent part, it states, "If after injury or death, the employer and the injured employee or his dependents reach an agreement in regard to compensation . . . ." Id. (emphasis added). It also states, "Nothing herein

- 5 -

contained shall be construed so as to prevent settlements made by and between the employee and employer, but rather to encourage them, so long as the amount of compensation and the time and manner of payment are approved by the Commission." Code § 65.2-701(C) (emphasis added).

The commission's finding that the parties never reached an agreement as to the amount of compensation is supported by credible evidence in the record. Thus, the commission did not err in finding that claimant was not entitled to a de facto award.

A partially incapacitated employee, absent an award from the commission, is not entitled to temporary total disability benefits unless he has made a reasonable effort to market his remaining capacity for work. Washington Metro. Area Transit Auth. v. Harrison, 228 Va. 598, 600-01, 324 S.E.2d 654, 655-56 (1985). See also Pocahontas Fuel Co. v. Agee, 201 Va. 678, 112 S.E.2d 835 (1960); Pocahontas Fuel Co. v. Barbour, 201 Va. 682, 112 S.E.2d 904 (1960). Because claimant was required to market his residual work capacity after December 13, 2000, and stipulated that he did not, he is not entitled to benefits after that date.

Affirmed.