Present: Carrico, C.J., Compton, Lacy, Hassell, and Kinser, JJ., and Stephenson and Whiting, Senior Justices

AUGUSTA COUNTY SHERIFF'S DEPARTMENT, ET AL.

OPINION BY
v. Record No. 962561       SENIOR JUSTICE HENRY H. WHITING
                                    October 31, 1997
PATRICK L. OVERBEY

FROM THE COURT OF APPEALS OF VIRGINIA

In an employer's appeal of a workers' compensation claim, we consider a provision in Code § 65.2-402(B) which creates a presumption that a deputy sheriff's heart disease was an occupational disease suffered in the line of duty "unless such presumption is overcome by a preponderance of competent evidence to the contrary."[1]

While on duty and talking to another deputy sheriff, Deputy Sheriff Patrick Lindy Overbey sustained sharp chest pains for a period of 9 or 10 minutes on the morning of January 31, 1995. Later that day, acting as a deputy sheriff-security guard at a local high school basketball game, Overbey again suffered chest pains which his attending physician, Dr. David B. Chernoff, diagnosed as a myocardial infarction or "heart attack."

Following a period of hospitalization and recovery, Overbey filed a claim for workers' compensation against his employer, the

---

[1]Code § 65.2-402(B) provides in pertinent part:

Hypertension or heart disease causing . . . any health condition or impairment resulting in total or partial disability of . . . [certain law enforcement officers including] deputy sheriffs . . . shall be presumed to be occupational diseases, suffered in the line of duty, that are covered by this title unless such presumption is overcome by a preponderance of competent evidence to the contrary.

Augusta County Sheriff's Department, and its insurer, the Virginia Municipal Group Self-Insurance Association (collectively, the employer). Asserting that Overbey's disability was not the result of an occupational disease suffered in the line of his duties as a deputy sheriff, the employer denied liability.

After a hearing, a deputy commissioner of the Workers' Compensation Commission dismissed the claim on the ground that the evidence was sufficient to overcome the Code § 65.2-402(B) presumption that Overbey's heart disease was a result of work-related causes. On Overbey's appeal, the Workers' Compensation Commission disagreed with the deputy commissioner and awarded benefits. On the employer's appeal, the Court of Appeals affirmed the Commission's decision. Concluding that this case involves matters of significant precedential value, we awarded an appeal to the employer. Code § 17-116.07(B).

Prior to the hearing before the deputy commissioner, the employer took the deposition of Dr. Chernoff. According to Dr. Chernoff, although there was no "single etiologic cause" for Overbey's heart attack, there were several "risk factors" which he thought caused the attack. Dr. Chernoff listed the following risk factors: (1) a history of heavy smoking (according to Overbey, he had smoked from two to two-and-a-half packs of cigarettes each day from age 19 until he had his heart attack at the age of 41); (2) elevated cholesterol; (3) a family history of

-2-

heart trouble (Overbey's father had a heart attack while "in his 50's"); and (4) non-insulin-dependent diabetes mellitus coupled with a strong family history of diabetes.

Although Dr. Chernoff did not ask Overbey about his specific job duties, Dr. Chernoff had previously treated "a few" law enforcement officers in the Staunton area and "a number of Security Police" while he was a physician in the United States Air Force.  Dr. Chernoff testified that, in his opinion, Overbey's employment was not a risk factor or a cause of his heart disease.  However, on cross-examination, Dr. Chernoff indicated that it was "possible" that "stress" may have contributed to cause Overbey's heart attack.

Overbey testified about the stressful incidents in his job.  In his regular duties as a civil process server, he had many papers to serve in a limited time, occasionally upon people who were uncooperative.  Overbey also testified that while serving papers, he encountered dogs "two or three times a week."  He responded to domestic violence calls "[a]bout once a week," house or bank burglar alarms on an "average of two or three a week," and "on occasions," he "worked accidents."  When he could "feel" his heart racing while driving a car at work, he would "just pull off the side of the road and just wind down."

Approximately three weeks before Overbey's heart attack, his wife was suspended from her job, and a few days later she was charged with embezzlement and forgery.  About a week before his

-3-

heart attack, Overbey and his wife separated. Overbey testified that his state of mind was "easier" after the separation. However, when Dr. Chernoff was treating Overbey's heart disease, Overbey's description of his wife's legal problems caused Dr. Chernoff to describe them as the "main stressor." No physician contradicted Dr. Chernoff's testimony listing the non-job-related risk factors which he thought contributed to cause Overbey's heart disease.

To recover compensation for heart disease, a workers' compensation claimant must ordinarily establish, among other things, that the illness is an "occupational disease . . . by clear and convincing evidence, to a reasonable medical certainty, [and] that it arose out of and in the course of employment." Code § 65.2-401.[2] However, in the case of certain law enforcement officials, including deputy sheriffs, Code § 65.2-402(B) creates a presumption that their heart diseases are occupationally related, "unless such presumption is overcome by a preponderance of competent evidence to the contrary."

The employer concedes that the presumption in Code § 65.2-402(B) requires it to establish a non-work-related cause for Overbey's heart condition and that job stress was not the cause.

---

[2]In 1997, Code § 65.2-401 was amended to delete "to a reasonable medical certainty," and to add "(not a mere probability)."

-4-

Overbey contends that this presumption also imposes the burden upon the employer of producing a preponderance of evidence excluding the <u>possibility</u> that his heart disease was work related. The employer responds that Overbey's contention adds an additional burden upon it that is neither stated nor implied in the statute.

We agree with the employer. In <u>Page v. City of Richmond</u>, 218 Va. 844, 847-48, 241 S.E.2d 775, 777 (1978), this Court noted that in rebutting the presumption that heart disease is work related, the employer must adduce competent medical evidence of a non-work-related cause.

Overbey suggests that in <u>County of Amherst v. Brockman</u>, 224 Va. 391, 399, 297 S.E.2d 805, 810 (1982), we established an obligation that the employer "exclude" the "possibility" of job-related causes. We disagree. In <u>Brockman</u>, our statement about the employer's failure to "exclude stress as a possible 'contributing cause'" was made in the context of our affirmance of the Commission's award of compensation based upon conflicting medical evidence. In <u>Brockman</u>, not only had the employer failed to exclude job-related stress as a cause, but its medical evidence of a non-job-related cause of heart attacks was contradicted by other medical evidence "adopted" by the deputy commissioner and the full Workers' Compensation Commission on review. <u>Id.</u>, 297 S.E.2d at 809. Here, there was no medical evidence other than that presented by the employer.

-5-

Our decisions subsequent to Brockman have applied the basic standard noted in Page with no suggestion that the employer's proof must exclude the possibility of all job-related causation hypotheses. Thus, in Doss v. Fairfax County Fire & Rescue Department, 229 Va. 440, 442, 331 S.E.2d 795, 796 (1985), the Court simply applied the conclusion stated in Page that in order to overcome the statutory presumption, the employer merely "must adduce competent medical evidence of a non-work-related cause of the disabling disease." That burden has been met upon submission of competent medical evidence that the claimant's condition was more than likely a hereditary phenomenon, id., or a showing that the claimant's heart condition was "generally thought to be congenital" or was "probably" congenital. Cook v. City of Waynesboro Police Department, 225 Va. 23, 28-30, 300 S.E.2d 746, 748-49 (1983). Thus, nothing in the statute or the several decisions of this Court dealing with rebuttal of this presumption suggests that the employer has the burden of excluding the "possibility" that job stress may have been a contributing factor to heart disease.

Because we conclude that the employer introduced sufficient evidence to rebut the presumption, Overbey had the burden of "establishing by clear and convincing evidence, to a reasonable medical certainty," that his heart disease arose out of and in the course of his employment. See Code § 65.2-401. As noted, no medical expert contradicted Dr. Chernoff's opinion. Hence,

-6-

Overbey's description of his work stresses was, as a matter of law, insufficient to establish "to a reasonable medical certainty" that his heart disease arose out of his employment. For these reasons, we reject Overbey's contention that his claim for compensation was properly awarded under the "two causes rule." That rule applies when the evidence shows that an employee's "'disability has two causes: one related to the employment and one unrelated.'" Smith v. Fieldcrest Mills, Inc., 224 Va. 24, 28, 294 S.E.2d 805, 808 (1982) (quoting Bergmann v. L & W Drywall, 222 Va. 30, 32, 278 S.E.2d 801, 803 (1981)). Here, as we have said, the employer has met the burden of overcoming the statutory presumption and Overbey has not shown that his heart disease arose out of his employment. Thus, he has not shown that there was a cause "related to the employment," an essential component of the "two causes rule."

Accordingly, we will reverse the judgment of the Court of Appeals and dismiss the claimant's application for benefits.

Reversed and dismissed.