COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


NEWPORT NEWS SHIPBUILDING
 AND DRY DOCK COMPANY
                                        MEMORANDUM OPINION[*]
v.    Record No. 0497-98-1                  PER CURIAM
                                          JULY 28, 1998
DENNIS D. EMERSON


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Jonathan H. Walker; Mason & Mason, on
                brief), for appellant.

                (Richard B. Donaldson, Jr.; Kevin W.
                Grierson; Jones, Blechman, Woltz & Kelly, on
                brief), for appellee.


        Newport News Shipbuilding and Dry Dock Company (hereinafter

referred to as "employer") contends that the Workers'

Compensation Commission erred in finding that employer's evidence

failed to rebut the statutory presumption available to Dennis D.

Emerson under Code § 65.2-402(B).  Upon reviewing the record and

the briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the commission's

decision.  See Rule 5A:27.

        "Code § 65.2-402(B) creates a presumption that

[firefighters'] heart diseases are occupationally related,

'unless such presumption is overcome by a preponderance of

competent evidence to the contrary.'"  Augusta County Sheriff's

Dept. v. Overbey, 254 Va. 522, 526, 492 S.E.2d 631, 633 (1997).
_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

"[T]he term 'firefighter' shall include persons who are employed by . . . private employers primarily to perform firefighting services."  Code § 65.2-402(A).

"Code § 65.2-402(B) requires [employer] to establish a non-work-related cause for [Emerson's] heart condition and that job stress was not the cause."  Overbey, 254 Va. at 526, 492 S.E.2d at 633.  "[I]n order to overcome the statutory presumption, the employer merely 'must adduce competent medical evidence of a non-work-related cause of the disabling disease.'"  Id. at 527, 492 S.E.2d at 634 (quoting Doss v. Fairfax County Fire & Rescue Dept., 229 Va. 440, 442, 331 S.E.2d 795, 796 (1985)).

In ruling that employer's evidence was insufficient to rebut the statutory presumption, the commission found as follows:

> [T]wo of three physicians, both treating physicians, Dr. [Peter J.] Zullo and Dr. [Paul] Micale, implicate [Emerson's] work-related exposure to smoke and fumes as a causative factor.  Only Dr. [Warren] Israel, who did not examine [Emerson], maintains that [Emerson's] heart disease is explained by other risk factors.  Dr. Israel, while articulating a thorough foundation for his opinion that stress was not a factor, failed to so thoroughly explain why [Emerson's] occupational exposure to smoke and fumes did not, in his opinion, contribute to [Emerson's] disease.  We therefore do not find Dr. Israel's conclusory dismissal of occupational exposure to smoke and fumes persuasive.  Based on that finding, and the conflicting medical evidence, we conclude the employer failed to establish, by a preponderance of competent evidence, a non-work-related cause of [Emerson's] coronary artery disease.

"Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991). As fact finder, the commission was entitled to give greater weight to the opinions of the treating physicians, Drs. Zullo and Micale, and to reject Dr. Israel's opinion. Based upon its weighing of the medical evidence, the commission was entitled to conclude that Dr. Israel's opinion did not constitute competent evidence to rebut the statutory presumption. "Questions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).

In light of the opinions of Drs. Zullo and Micale, we cannot say as a matter of law that employer's evidence rebutted the statutory presumption provided under Code § 65.2-402(B).

For these reasons, we affirm the commission's decision.

Affirmed.