BUMGARDNER, Judge,
concurring.
I concur in the decision to remand the case for further proceedings in light of Augusta County Sheriff’s Dep’t v. *130 Overbey, 254 Va. 522, 492 S.E.2d 631 (1997). I do not join the balance of the opinion.
Code § 65.2^102(B) creates a true presumption. A presumption allows the party with the burden of producing evidence of fact A to meet the burden by producing evidence of fact B. The presumption holds that when evidence proves fact B, then fact A, the presumed fact, is established. The proponent of fact A can rest, will survive a motion to strike, and will be entitled to judgment as a matter of law if the opposing party does not present evidence to rebut the presumed fact. The burden of producing evidence shifts to the opponent. If evidence showing the nonexistence of the presumed fact is produced, the presumption is rebutted.
In this case, Michael Tirpak had the burden of producing evidence that his heart disease was caused by his employment. Code § 65.2-402(B) creates a presumption that employment was the cause if the claimant produces evidence specified in Code § 65.2-402(D). Thus, when a claimant presents evidence that he had a pre-employment physical examination and was found to be free of heart disease, then the presumed fact, causation by employment, is taken as proved. The claimant prevails unless the employer presents evidence to refute the presumed fact. If the employer presents evidence of the nonexistence of the presumed fact, that the heart disease was not caused by employment, the presumption is rebutted.
In Overbey, the employer presented evidence to rebut the presumed fact, causation by employment. The claimant failed to present evidence that established causation once the benefit of the presumption disappeared. Overbey had no evidence on the issue of causation, and the employer prevailed as a matter of law because it rebutted the presumption.
In the instant case, the employer presented evidence to rebut the presumed fact. Under Overbey the presumption was rebutted. However, the claimant presented other evidence that could establish causation. He did not rely solely on the presumption as Overbey did. This case must be remanded for the commission, acting as trier of fact, to evaluate *131 whether the claimant’s evidence to prove causation prevails over the employer’s evidence to disprove it.
On remand the majority directs the commission to weigh the evidence of both parties to see if the employer presented sufficient evidence to rebut the presumed fact. I do not believe that is the correct procedure, but in this case it is not necessary to decide the correct practice for handling presumptions. Overbey establishes that the employer in this case has presented sufficient evidence to rebut the presumption. Because Tirpak, unlike Overbey, has some evidence to prove causation independent of the presumption, he may prevail if the commission finds that he met the burden of “ ‘establishing by clear and convincing evidence, to a reasonable medical certainty,’ that his heart disease arose out of and in the course of his employment.” Overbey, 254 Va. at 527, 492 S.E.2d at 634 (quoting Code § 65.2-401).
I would remand to the commission for it to evaluate the evidence from both sides to see if the claimant has met this burden. The issue of whether the burden of persuasion shifts to the employer should not be addressed at this time. It did not arise as the case was presented to the commission. The issue was never raised, briefed or argued.