COURT OF APPEALS OF VIRGINIA


Present: Judges Coleman, Elder and Bumgardner
Argued at Salem, Virginia


TAZEWELL COUNTY SHERIFF'S OFFICE
 and VIRGINIA MUNICIPAL GROUP
 SELF-INSURANCE ASSOCIATION

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 0005-99-3         JUDGE LARRY G. ELDER
                                         JUNE 29, 1999
WILEY DONALD OWENS


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Daniel E. Lynch (Ralph L. Whitt, Jr.;
            Williams, Lynch & Whitt, on briefs), for
            appellants.

            Frederick W. Harman for appellee.


     The Tazewell County Sheriff's Office and the Virginia

Municipal Group Self-Insurance Association (hereinafter

employer) appeal from a decision of the Virginia Workers'

Compensation Commission (commission) awarding disability and

medical benefits to Wiley Donald Owens (claimant) under the

Virginia Workers' Compensation Act (Act).  On appeal, employer

contends that the commission erroneously held (1) that employer

failed to rebut the presumption of Code § 65.2-402 that

claimant's heart disease was an occupational disease and

(2) that claimant proved his entitlement to benefits accrued on

        *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

January 18, 1996, the date of his myocardial infarction.  For

the reasons that follow, we affirm the commission's award of

benefits.

Code § 65.2-402(B) provides as follows:

> Hypertension or heart disease causing the
> death of, or any health condition or
> impairment resulting in total or partial
> disability of (i) salaried or volunteer
> firefighters, (ii) members of the State
> Police Officers' Retirement System,
> (iii) members of county, city or town police
> departments, (iv) sheriffs and deputy
> sheriffs, (v) Department of Emergency
> Services hazardous materials officers, and
> (vi) city sergeants or deputy city sergeants
> of the City of Richmond shall be presumed to
> be occupational diseases, suffered in the
> line of duty, that are covered by this title
> unless such presumption is overcome by a
> preponderance of competent evidence to the
> contrary.

To rebut this presumption, "the employer must show, by a

preponderance of the evidence, both that 1) the claimant's

disease was not caused by his employment, and 2) there was a

non-work-related cause of the disease."  Bass v. City of

Richmond Police Dep't, ___ Va. ___, ___ S.E.2d ___ (June 11,

1999) (citing Fairfax County Fire & Rescue Servs. v. Newman, 222

Va. 535, 539, 281 S.E.2d 897, 899-900 (1981); Page v. City of

Richmond, 218 Va. 844, 847-48, 241 S.E.2d 775, 777 (1978)).

> In providing that the statutory presumption
> may be overcome by a preponderance of the
> evidence to the contrary, Code § 65.2-402(B)
> implicitly directs the Commission as finder
> of fact to consider all evidence on the
> issue of causation presented by the
> claimant, as well as by the employer.  When

-

> the Commission determines that the employer has failed to overcome the statutory presumption, the claimant is entitled to an award of benefits under the Act. See Code §§ 65.2-400 to -407. On appeal from this determination, the reviewing court must assess whether there is credible evidence to support the Commission's award.

Id. at ___, ___ S.E.2d at ___.

Evidence that job-related stress is one of several factors contributing to a claimant's heart disease, if found credible by the commission, is sufficient to prevent an employer from proving the first prong required to rebut the presumption. See id. at ___, ___ S.E.2d at ___ (implicitly holding such evidence sufficient by remanding case with those facts to commission for application of the proper legal standard); Augusta County Sheriff's Dep't v. Overbey, 254 Va. 522, 527, 492 S.E.2d 631, 634 (1997) (noting that a claimant is entitled to benefits under Code § 65.2-402(B) when the evidence shows that at least one cause of the claimant's heart disease was "related to the employment"). Otherwise, proof of a non-work-related cause under the second prong would always be sufficient to prove the first prong, as well, an interpretation clearly rejected by the Virginia Supreme Court.

Here, the commission concluded that employer failed to rebut the first prong of the presumption of compensability contained in Code § 65.2-402(B) because the evidence proved claimant's heart disease was caused, at least in part, by his

-

work.  As a result, it concluded that employer's evidence on the second prong--that non-work-related factors contributed to his heart disease--was insufficient to rebut the presumption.  We hold that the commission applied the proper two-prong test, recently re-affirmed by the Virginia Supreme Court in Bass, and that credible evidence supports the commission's findings.  Claimant's treating physician, Dr. Najjar, opined that job stress contributed to claimant's coronary artery disease and, in fact, employer offered no evidence to rebut Najjar's opinion.

Employer also contends that the commission erred in determining that claimant's evidence established a communication of occupational disease on January 18, 1996.  We disagree with this contention.  Under settled principles, an occupational disease is compensable under the Act when a diagnosis of occupational disease is communicated to the employee.  See Island Creek Coal Co. v. Breeding, 6 Va. App. 1, 9, 365 S.E.2d 782, 787 (1988); Code § 65.2-403.  The commission's factual findings regarding the date of communication, like all factual findings of the commission, are binding on appeal if supported by credible evidence.  See Code § 65.2-706(A); Falls Church Constr. Co. v. Laidler, 254 Va. 474, 478-79, 493 S.E.2d 521, 524 (1997).

Here, claimant's answers to employer's interrogatories, signed under oath and admitted into evidence before the deputy commissioner, indicate that he was "advised by Dr. Najjar on

-

January 18, 1996[,] of there being a relationship between [his] condition and [his] employment as a Deputy Sheriff." Further, claimant testified that in his discussions with Dr. Najjar after claimant's admission to the hospital on January 18, 1996, Dr. Najjar told him that his work was responsible for his heart problem. Based on this evidence, the commission found "that Dr. Najjar told [claimant] his work was responsible for his heart condition," quoting claimant's testimony that he and Dr. Najjar had "talked about it two or three different times" during the course of his hospitalization and surgery. Because credible evidence supports the commission's finding, we will not reverse it on appeal.

For these reasons, we hold that the commission did not err in holding that employer failed to rebut the presumption of Code § 65.2-402 that claimant's heart disease was an occupational disease or in holding that claimant proved his entitlement to benefits accrued on January 18, 1996, the date of his myocardial infarction. Therefore, we affirm the commission's award of benefits.

<u>Affirmed.</u>

-