COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Fitzpatrick, Judges Benton, Elder, Annunziata, Bumgardner, Frank,
           Humphreys, Clements, Felton, Kelsey and McClanahan
Argued at Richmond, Virginia


AMHERST COUNTY SHERIFF'S DEPARTMENT AND
  VIRGINIA MUNICIPAL GROUP
  SELF-INSURANCE ASSOCIATION
                                              MEMORANDUM OPINION[*] BY
v.        Record No. 1641-03-4             JUDGE ROSEMARIE ANNUNZIATA
                                                 DECEMBER 28, 2004
EDWIN PHILLIP MARTIN


                         UPON REHEARING EN BANC

          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              Ralph L. Whitt, Jr. (Jennifer C. Williamson; Whitt & Associates, on
              briefs), for appellants.

              Gregory P. Perigard (Michael A. Kernbach; Burgess, Kernbach &
              Perigard, on brief), for appellee.


      Amherst County Sheriff's Department and the Virginia Municipal Group Self-Insurance

Association (employer) appealed the decision of the Virginia Workers' Compensation

Commission awarding benefits to Edwin Phillip Martin to compensate him for disability

resulting from heart disease.  Employer contended on appeal that the commission erred by

1) incorrectly applying our decision in Medlin v. County of Henrico Police, 34 Va. App. 396,

542 S.E.2d 32 (2001), 2) holding that the employer failed to rebut the statutory presumption set

forth in Code § 65.2-402, and 3) holding that Martin proved entitlement to compensation benefits

for total disability for periods before October 27, 1993, and from September 11, 1996 and

continuing.  By opinion dated June 1, 2004, a divided panel of this Court affirmed in part,

      [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

reversed in part, and remanded the case to the commission for further proceedings consistent with the opinion. See Amherst County Sherriff's Dep't v. Martin, 2004 Va. App. LEXIS 253 (June 1, 2004). Employer petitioned for en banc review of the panel decision but limited its appeal to whether the commission erred in awarding Martin disability benefits from September 11, 1996 and continuing. We granted employer's petition for en banc review of the sole issue raised, stayed the mandate of the panel decision, and reinstated the appeal. Upon rehearing en banc, we lift the stay of the panel's decision in all respects except for its affirmance of the commission's award of disability benefits from September 11, 1996 and continuing, the issue we address en banc. With respect to the commission's award of disability benefits from September 11, 1996 and continuing, we affirm.

## I. Background

On October 27, 1993, Martin filed a Claim for Benefits seeking temporary total disability benefits and medical benefits for an acute myocardial infarction. The parties stipulated at an evidentiary hearing on November 6, 1997, that Martin's pre-injury average weekly wage was $345 and that he was entitled to invoke the presumption of Code § 65.2-402. Martin conceded and agreed that his claim must fail if employer rebutted the presumption created in his favor by Code § 65.2-402.

The deputy commissioner issued an opinion on December 24, 1997, denying Martin's claim. Although the deputy commissioner found that Martin did not have heart disease when he was hired, he found that the employer rebutted the presumption established by Code § 65.2-402. Martin petitioned for review before the full commission.

On April 8, 1998, the full commission remanded the case to allow counsel "the opportunity to develop evidence in light of the decision in [Augusta County Sheriff's Dep't v. Overbey, 254 Va. 522, 492 S.E.2d 631 (1997)]." No new evidence was presented.

A second opinion was issued by the deputy commissioner on August 13, 1998, which again denied the claim on the ground that the employer rebutted the statutory presumption. However, in footnote nine of the opinion, the deputy commissioner stated, "Had the claim been found compensable, we would have ruled that Dr. Van Dyke's disability reports were uncontradicted and established the work incapacity as alleged by the claimant."

Martin again appealed to the full commission. The commission stayed the appeal pending the Supreme Court's decision in Bass v. City of Richmond, 258 Va. 103, 515 S.E.2d 557 (1999). Martin argued on review that the employer had not rebutted the presumption established under Code § 65.2-402. In its opinion issued April 17, 2002, the commission held that the employer had failed to rebut the presumption established under Code § 65.2-402 and reversed on this ground. The matter was remanded to the deputy commissioner for an expedited hearing "to determine the extent of the award to which the claimant is entitled."

In an opinion issued on April 25, 2002, the deputy commissioner stated that he

> initiated a conference call with claimant's and defense counsel on April 24, 2002, to determine if there was any new evidence to be presented at an evidentiary hearing. Both counsel agreed that all collateral issues had already been decided in this case by our findings or by the parties' stipulations. Accordingly, both counsel agreed that the Commission could enter its award based upon the record already before the commission.[1]

The deputy commissioner then found that the evidence established disability from September 11, 1996 and continuing.

The employer appealed the April 25, 2002 decision to the full commission which, on June 4, 2003, affirmed the decision but modified the award to reflect Martin's claimed periods of

---

[1] Neither Martin nor employer objected to the deputy commissioner's recitation of the parties' agreement that the commission could enter its award based on the evidence before it.

disability before October 27, 1993, and from September 11, 1996 to the present. In affirming, the commission stated,

> The last medical record to address the claimant's disability is dated November 6, 1997, and reflects that he was disabled from work due to severe heart disease. Since the record was not reopened for the introduction of new evidence, the disability determinations in the August 13, 1998, Opinion are in effect and provide for temporary total disability benefits from September 11, 1996 and continuing.

Employer's appeal and the panel decision followed.

II. Martin's Disability Award from September 11, 1996 and Continuing

Employer contends that there was insufficient evidence proving Martin's disability from September 11, 1996 and continuing. When reviewing a sufficiency of the evidence claim, we view the evidence in a light most favorable to Martin as the party prevailing below. Clinchfield Coal Co. v. Reed, 40 Va. App. 69, 72, 577 S.E.2d 538, 539 (2003). Our function on appeal is to determine whether credible evidence supports the commission's determination. Westmoreland Coal Co. v. Campbell, 7 Va. App. 217, 222, 372 S.E.2d 411, 415 (1988). If credible evidence supports the commission's determination, we are bound by it notwithstanding the fact that evidence may exist which supports a contrary finding. Morris v. Badger Powhatan/Figgie Int'l, Inc., 3 Va. App. 276, 279, 348 S.E.2d 876, 877 (1986). Here, we hold that sufficient evidence supports the commission's award of disability benefits from September 11, 1996 and continuing.

In its final June 4, 2003 opinion, the commission noted that, because the medical evidence in the case had become "stale," it had given the parties an opportunity to submit additional evidence in the hearing on remand before the deputy commissioner, an invitation both parties declined. Instead, during a conference call before the April 25, 2002 hearing, the parties stipulated the "commission could enter its award based upon the record already before the commission." The deputy commissioner, therefore, confined his review of the record to the

- 4 -

evidence which, to that point in time, had been presented in earlier hearings. That evidence showed that Martin developed severe chest pains in August 1996, that he underwent repeat bypass surgery on September 17, 1996, and that, although reports subsequent to the bypass surgery suggested that Martin was steadily recovering, he again complained of chest pains in April 1997. The evidence further established that, on June 9, 1997, Dr. Van Dyke affirmatively indicated Martin was disabled from work as a deputy sheriff.[2] On September 25, 1997, Dr. Van Dyke stated that Martin was "severely debilitated due to left ventricular dysfunction." Dr. Van Dyke also stated on November 6, 1997 that Martin "is disabled due to severe heart disease. He is *not* able to work." No other reports discussing Martin's disability were filed after 1997. Thus, based on its review of the record, which was closed in 1997 by agreement of the parties, the commission found that sufficient evidence supported an award of benefits from 1996 and continuing. Because the parties stipulated to the closing of the record after declining the invitation to re-open it, the commission's focus was properly narrowed to the evidentiary record of Martin's disability as it existed at the end of 1997.

Viewed in a light most favorable to Martin, the record supports the commission's determination that the evidence, as it stood in 1997, established that Martin was totally disabled and entitled to benefits from September 11, 1996 and continuing. Martin's severe chest pains, his bypass surgery, and Dr. Van Dyke's opinions regarding his condition and inability to work constitute credible evidence from which the commission could conclude that Martin proved his

---

[2] Employer argues that this testimony establishes Martin was not totally disabled but merely disabled from working in his capacity as a deputy sheriff. First, we do not read this testimony to be in conflict with other evidence establishing that Martin was totally disabled. Furthermore, even assuming the testimony conflicts with other evidence, we still must affirm because it is the commission's prerogative to weigh, and resolve conflicts in, the evidence. See Morris, 3 Va. App. at 279, 348 S.E.2d at 877.

total and continuing disability from September 11, 1996 forward.  Accordingly, we will not disturb its conclusion on appeal.[3]

For the foregoing reasons, we affirm the commission's award of disability benefits from September 11, 1996 and continuing.  We further lift the stay of the panel decision in all other respects[4] and reinstate it and direct the commission, on remand, to enter an award consistent with this opinion.

Affirmed and remanded.

---

[3] Employer also contends that the evidence failed to establish that Martin marketed his remaining work capacity.  See Washington Metropolitan Transit Auth. v. Harrison, 228 Va. 598, 601, 324 S.E.2d 654, 655 (1985).  However, as noted *supra*, we find that the evidence supports the commission's conclusion that Martin was totally disabled.  Therefore, no proof was needed that Martin failed to market his remaining capacity.

[4] The panel decision affirmed the commission's award of disability benefits for all periods except the award of disability benefits before October 27, 1993 and medical benefits before October 12, 1993.  It reversed the award of disability benefits before October 27, 1993 and medical benefits before October 12, 1993.

McClanahan, J., dissenting.

I dissent from the majority opinion regarding the extent of Martin's disability award. The majority opinion upholds the commission's conclusion that Martin proved his entitlement to total disability benefits starting and continuing from September 1996. That conclusion is based exclusively on evidence that was introduced in 1997, five years before the commission's decision in 2003. In that opinion, the commission stated that at the time of "its April 17, 2002, Opinion, several years had passed, and the evidence regarding disability was clearly stale."[5] The majority now relies on that stale evidence to affirm the commission's decision. By relying on

---

[5] The commission has a long-standing policy of rejecting stale evidence. See, e.g., Abbott v. Mastec Elec. Serv./Mastec, Inc., 2003 VA Wrk. Comp. LEXIS 1007 (June 12, 2003) ("Since the most recent pertinent medical report . . . is nearly a year old, we find that any statements contained in those reports regarding the effect of the symptoms on [claimant's] ability to function are stale."); Thomas v. Office Depot, Inc., 2003 VA Wrk. Comp. LEXIS 338 (February 10, 2003) ("At various times, the Commission has considered the issue of stale medical records and has found that records of various ages are stale and thus not persuasive because they do not reflect the claimant's current medical condition."); Carter v. Arlington County Fire Dep't, 2002 VA Wrk. Comp. LEXIS 774 (April 1, 2002) ("[I]t would be unreasonable to require an employer to accept responsibility for a medical expense based on a 'stale' opinion, particularly when medical conditions and treatment modalities develop and change."); Pittman v. Aramark Refreshment Serv., Inc., 2001 VA Wrk. Comp. LEXIS 4007 (September 21, 2001) ("In review opinions, the Commission has addressed issues regarding stale medical records approximately 100 times in recent years. Many of the opinions finding that medical records were stale focused on records which were over one year old."); Chapman-Swann v. Marriott Corp., 1997 VA Wrk. Comp. LEXIS 2612 (June 20, 1997) ("The Commission will reject a stale medical report which may not reflect the claimant's current condition."); Cox v. Fairfax County Fire & Rescue Dep't, 1994 VA Wrk. Comp. LEXIS 35 (August 25, 1994) ("Even if the medical . . . evidence was more certain, it would have to be rejected as stale."); see also Jenkins v. Deagles Boat Yard, Inc., 2004 VA Wrk. Comp. LEXIS 507 (August 17, 2004); Coy v. Comfort Inn, 2004 VA Wrk. Comp. LEXIS 583 (July 29, 2004); Fitzgerald v. Tyson Foods, Inc., 2004 VA Wrk. Comp. LEXIS 292 (June 7, 2004); Dunkelberger v. E. Technical Communications, Inc., 2004 VA Wrk. Comp. LEXIS 186 (May 11, 2004); Greene v. Telepad Corp., 1998 VA Wrk. LEXIS 4915 (December 3, 1998); Reyes v. Embassy Suites Hotel, 1998 VA Wrk. Comp. LEXIS 4004 (August 10, 1998); Warren v. Strickland Fire Prot., Inc., 1997 VA Wrk. Comp. LEXIS 3578 (June 24, 1997); Namdar v. Creative Hairdressers, Inc., 1996 VA Wrk. Comp. LEXIS 388 (September 3, 1996); Joya v. Aerostar Serv., 1996 VA Wrk. Comp. LEXIS 1146 (November 22, 1996); Rashtian v. Nordstrom, Inc., 1993 VA Wrk. Comp. LEXIS 349 (November 2, 1993); Bateman v. Lebo Mining, Inc., 1993 VA Wrk. LEXIS 450 (October 5, 1993); Lantrip v. Griffin Elec., Inc., 1993 VA Wrk. Comp. LEXIS 63 (February 25, 1993).

the "clearly stale" 1997 evidence to uphold an award in 2003, the commission, and a majority of this Court, has improperly presumed ongoing disability from the evidence that Martin could not work in 1997. [6] This is error:

> There is no presumption in the law that once a disability has been established, a claimant will be assumed to remain disabled for an indefinite period of time. To the contrary, a party seeking compensation bears the burden of proving his disability and the periods [or duration] of that disability.

Marshall Erdman & Assoc., Inc. v. Loehr, 24 Va. App. 670, 679, 485 S.E.2d 145, 149 (1997) (internal citation omitted); see also Uninsured Employer's Fund v. Clark, 26 Va. App. 277, 285-86, 494 S.E.2d 474, 478 (1998).

Throughout the proceedings at the commission, before both the deputy commissioner and the commission, Martin retained the burden of proof that his disability was total and ongoing. See Washington Metro. Area Transit Auth. v. Harrison, 228 Va. 598, 600-02, 324 S.E.2d 654, 655-56 (1985); see also Fuel Co. v. Agee, 201 Va. 678, 681, 112 S.E.2d 835, 838 (1960). That burden never shifted, including when the commission remanded the case because the evidence was stale. At that time, Martin chose not to present any evidence to supplement that which the commission deemed "clearly stale." That no new evidence was presented inures to the detriment of Martin, not to the employer, who bore no burden.

---

[6] In concluding that Martin was entitled to his disability award, the commission stated that when neither party supplemented the record, "the record remain[ed] as it was when it was closed on November 6, 1997." As the majority indicates, the record contained three medical reports by Dr. Van Dyke: (1) the June 9, 1997 letter asking, "Was Mr. Martin disabled from work as a deputy sheriff for any period of time? If so, state the dates of disability.", to which Dr. Van Dyke responded only, "Yes." Dr. Van Dyke provided no dates of disability; (2) the September 25, 1997 letter, which stated, "Mr. Martin *at the present time* is severely debilitated due to left ventricular dysfunction." (emphasis added); and, (3) the November 9, 1997 note, which stated, "Mr. E.P. Martin *is* disabled due to severe heart disease. He *is not* able to work." (emphasis added). Notably, each of these reports pertains only to claimant's contemporaneous condition, not to the duration of his disability.

Because Martin failed to present any evidence of his continuing disability after the commission deemed the evidence "clearly stale" in 2002, I would hold that there is no credible evidence to conclude that Martin was disabled from 1997 to 2003. Medical evidence is subject to the commission's consideration and weighing, Hungerford Mech. Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991); however, the commission plainly characterized the evidence as "clearly stale," which, using the commission's own description, is "not persuasive." Thomas v. Office Depot, Inc., 2003 VA Wrk. Comp. LEXIS 338 (February 10, 2003). No rational fact finder can reject evidence as "clearly stale," and, one year later, find that same evidence credible enough to meet the claimant's burden of proving by a preponderance of the evidence his continuing disability. The award for Martin's disability after 1997 is, therefore, unsupported and should be reversed.

Tuesday                    13th

July, 2004.


Amherst County Sheriff's Department and
  Virginia Municipal Group Self-Insurance Association,                    Appellants,

 against            Record No. 1641-03-4
                    Claim No. 166-03-35

Edwin Phillip Martin,                                                    Appellee.


Upon a Petition for Rehearing En Banc

Before the Full Court


On June 15, 2004 came the appellants, by counsel, and filed a petition praying that the Court set aside the judgment rendered herein on June 1, 2004, and grant a rehearing *en banc* thereof.

On consideration whereof, the petition for rehearing *en banc* is granted, the mandate entered herein on June 1, 2004 is stayed pending the decision of the Court *en banc*, and the appeal is reinstated on the docket of this Court.

The parties shall file briefs in compliance with Rule 5A:35. The appellants shall attach as an addendum to the opening brief upon rehearing *en banc* a copy of the opinion previously rendered by the Court in this matter.  It is further ordered that the appellants shall file with the clerk of this Court twelve additional copies of the appendix previously filed in this case.

A Copy,

Teste:

Cynthia L. McCoy, Clerk

By:

Deputy Clerk

COURT OF APPEALS OF VIRGINIA


Present:   Judges Annunziata, Felton and McClanahan
Argued at Alexandria, Virginia


AMHERST COUNTY SHERIFF'S DEPARTMENT
 AND VIRGINIA MUNICIPAL GROUP
 SELF-INSURANCE ASSOCIATION

                                                   MEMORANDUM OPINION[*] BY
v.        Record No. 1641-03-4                  JUDGE ROSEMARIE ANNUNZIATA
                                                        JUNE 1, 2004
EDWIN PHILLIP MARTIN


                FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Ralph L. Whitt, Jr. (Michael P. Del Bueno; Whitt & Associates, on
            briefs), for appellants.

            Michael A. Kernbach (Burgess, Kernbach & Perigard, on brief), for
            appellee.


        Amherst County Sheriff's Department and the Virginia Municipal Group Self-Insurance

Association (employer) appeal the decision of the Virginia Workers' Compensation Commission

awarding benefits to Edwin Phillip Martin to compensate him for disability resulting from heart

disease.  Employer contends on appeal that the commission erred by 1) incorrectly applying our

decision in Medlin v. County of Henrico Police, 34 Va. App. 396, 542 S.E.2d 32 (2001), 2)

holding that the employer failed to rebut the statutory presumption set forth in Code § 65.2-402,

and 3) holding that Martin proved entitlement to compensation benefits for total disability for

periods before October 27, 1993, and from September 11, 1996 to the present.  For the following

reasons, we affirm in part and reverse in part and remand the case to the commission.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I. Procedural Background

On October 27, 1993, Martin filed a Claim for Benefits seeking temporary total disability benefits and medical benefits for an acute myocardial infarction. The parties stipulated at an evidentiary hearing on November 6, 1997, that Martin's pre-injury average weekly wage was $345 and that he was entitled to invoke the presumption of Code § 65.2-402. Martin conceded and agreed that his claim must fail if employer rebutted the presumption created in his favor by Code § 65.2-402.

The deputy commissioner issued an opinion on December 24, 1997, denying Martin's claim. Although the deputy commissioner found that Martin did not have heart disease when he was hired, he found that the employer rebutted the presumption established by Code § 65.2-402. The deputy commissioner also determined that no physician advised Martin that his heart disease was causally related to his employment. Pursuant to Code § 65.2-403, the "date of diagnosis" was presumed to be the date the claim was filed, October 27, 1993. Martin petitioned for review before the full commission.

On April 8, 1998, the full commission remanded the case to allow counsel "the opportunity to develop evidence in light of the decision in [Augusta County Sheriff's Dep't v. Overbey, 254 Va. 522, 492 S.E.2d 631 (1997)]." No new evidence was presented.

A second opinion was issued by the deputy commissioner on August 13, 1998, which again denied the claim on the ground that the employer rebutted the statutory presumption. Martin again appealed to the full commission. The commission stayed the appeal, pending the Supreme Court's decision in Bass v. City of Richmond, 258 Va. 103, 515 S.E.2d 557 (1999). Martin argued on review that the employer had not rebutted the presumption established under Code § 65.2-402 and that the date of injury was February 26, 1993, the first date that the diagnosis of heart disease was made. In its opinion issued April 17, 2002, the commission

- 2 -

upheld the deputy commissioner's finding that the date of diagnosis and injury for Code

§ 65.2-403 purposes was October 27, 1993. However, it held that the employer had failed to

rebut the presumption established under Code § 65.2-402 and reversed on this ground. The

matter was remanded to the deputy commissioner for an expedited hearing "to determine the

extent of the award to which the claimant is entitled."

In the ensuing hearing before the deputy commissioner on April 24, 2002, both parties

agreed that all collateral issues had been decided in the case by the commission's earlier findings

or by the parties' stipulations. In an opinion issued on April 25, 2002, the deputy commissioner

found that the evidence established disability, beginning September 11, 1996, to the present and

continuing. The deputy commissioner reiterated his finding that October 27, 1993 was to be

deemed the date of accident for this claim and held that Martin was entitled to benefits from

October 27, 1993, to the present. The employer appealed the April 25, 2002 decision to the full

commission which, on June 4, 2003, affirmed the decision but modified the award to reflect

Martin's claimed periods of disability before October 27, 1993, and from September 11, 1996, to

the present. This appeal followed.

## II. Factual Background

We view the evidence and all reasonable inferences that may be drawn in the light most

favorable to Martin as the party prevailing below. Clinchfield Coal Co. v. Reed, 40 Va. App. 69,

72, 577 S.E.2d 538, 539 (2003). The record, so viewed, establishes that Martin was employed as

a corrections officer for employer since June 18, 1990. On February 26, 1993, Martin, then age

thirty-nine, awoke with chest pains and other symptoms. He was diagnosed with, and treated

for, a myocardial infarction, or heart attack. Martin returned to work and suffered a second heart

attack on July 19, 1993. Martin underwent bypass surgery, performed by cardiologist

Dr. William H. Van Dyke, Jr. on July 23, 1993, and returned to work in October of 1993. Martin

- 3 -

claims disability from this condition from February 26 through May 9, 1993; from July 19 through October 17, 1993; and beginning September 11, 1996 and continuing to the present.

The employer defended the claim on the ground that the presumption of Code § 65.2-402 did not apply because Martin was not free of heart disease when he was hired. It further argued that, in any event, the presumption was rebutted and that Martin did not have an occupational disease arising out of his employment. The employer disputed a diagnosis date of February 26, 1993, contending the diagnosis was not communicated to Martin at that time or thereafter. It argued that the communication date should be the date on which Martin's claim was filed. Finally, the employer denied that the medical evidence supported the alleged disability subsequent to September 11, 1996.

The record discloses the following medical evidence was before the commission: the medical reports and opinion of Drs. William H. Van Dyke, Jr., Thomas W. Nygaard, and Richard A. Schwartz, Stuart F. Seides, and Michael L. Hess. The testimony of Drs. Schwartz, Seides, and Hess was disregarded by the commission. That decision is not appealed by either party, and we will not consider their testimony on appeal.

Dr. Van Dyke was Martin's treating physician. He addressed the relationship between Martin's heart disease and employment in correspondence dated June 9, 1997. In that correspondence, he states that "occupational stress, while not a major risk factor, was a possible minor risk factor in the disease process." He does not define or otherwise characterize his use of the term "risk factor."

Dr. Nygaard, a consulting physician, testified about the causes of Martin's heart disease. Regarding Martin's non-occupational causes of his heart disease, Dr. Nygaard stated that "high cholesterol and family history caused Martin's heart disease and are not merely risk factors in his case." On the relationship between Martin's occupation and his heart disease, Dr. Nygaard

testified, variously, as follows: 1) Martin would have "developed heart disease no matter what line of work he was in"; 2) Martin's job was not a cause of his heart disease; 3) "Stress related association with heart disease is controversial"; 4) "Most experts don't consider stress to be a risk factor"; 5) "I am not aware that I can ever say that a job is the cause of someone's coronary artery disease"; and 6) "I don't think it has been shown in a general sense that job stress caused his coronary artery disease."

In the opinion dated April 17, 2002, which determined that employer failed to rebut the statutory presumption, the full commission stated the following:

> Although both [Dr. Van Dyke and Dr. Nygaard] clearly stated that the claimant was genetically predisposed to heart disease, and that his high cholesterol levels most likely caused his condition, both also stated that work-related stress "possibly" or "potentially" played at least a minor role in the development of the claimant's heart disease.

The commission subsequently cited and quoted from our decision in <u>Medlin</u>, concluding: "Thus, we find that the employer has failed to show that the stress associated with the claimant's work as deputy sheriff was not a cause of his heart disease. The statutory presumption has therefore not been rebutted."

### III. The Commission Did Not Err in Finding Employer Failed to Rebut the Statutory Presumption

Employer contends that the commission erred because it presented sufficient evidence to overcome the statutory presumption that heart disease is an occupational disease affecting law enforcement officers. We disagree, finding that credible evidence supports the commission's determination.

Code § 65.2-402 places the burden of production and persuasion on the employer to prove, by a preponderance of the evidence, that the claimant's heart disease was not caused by his employment. It provides in relevant part:

- 5 -

Hypertension or heart disease causing the death of, or any health condition or impairment resulting in total or partial disability of . . . (iii) members of county, city or town police departments [and] (iv) sheriffs and deputy sheriffs . . . shall be presumed to be occupational diseases, suffered in the line of duty, that are covered by this title unless such presumption is overcome by a preponderance of competent evidence to the contrary.

The Supreme Court has held that, "[t]o overcome the presumption the employer must show, by a preponderance of the evidence, both that 1) the claimant's disease was not caused by his employment, and 2) there was a non-work-related cause of the disease." Bass, 258 Va. at 114, 515 S.E.2d at 562.

When reviewing a sufficiency of the evidence question, the function of our Court is to determine whether credible evidence supports the commission's decision, not to determine, *de novo*, whether employer met its burden of persuasion. See Westmoreland Coal Co. v. Campbell, 7 Va. App. 217, 222, 372 S.E.2d 411, 415 (1988). In this case, therefore, we must determine whether the commission could reasonably conclude that employer failed to overcome the statutory presumption in favor of Martin. See id.

Employer argues that it satisfied both prongs of the Bass test. Indeed, it is not seriously contended that the second requirement under Bass was not proved. The testimony before the commission established the non-work-related causes of Martin's disease included hypercholesterolemia[7] and genetic predisposition.

We conclude that employer's argument that it also met the first requirement of Bass is not supported in the record. The only evidence that Martin's employment did not cause his heart disease was presented by Dr. Nygaard. His testimony that Martin's occupational stress was potentially a secondary cause and not a primary cause of his heart disease, couched in "possibilities" and not "probabilities," clearly was insufficient to rebut the presumption. For the

---

[7] Hypercholesterolemia is defined as elevated levels of cholesterol in the blood.

- 6 -

same reason, Dr. Van Dyke's testimony that occupational stress was a "possible minor risk factor in the disease process" fails to rebut the statutory presumption. We therefore find that the commission's determination that Dr. Nygaard's and Dr. Van Dyke's testimony did not rebut the statutory presumption is supported by credible evidence.

Although Dr. Nygaard also testified that Martin's occupation did not cause his heart disease, he explained the underlying premise of that proffered opinion, stating "I would have to say that *it is not known that job stress has any relation to development of coronary artery disease.*" (Emphasis added). To emphasize the point, he also said, "I am not aware that I can *ever* say that a job is the cause of someone's coronary artery disease," and "I don't think it has been shown in a general sense that job stress caused his coronary artery disease." (Emphasis added). Viewing the evidence in a light most favorable to Martin, we find that the commission determined that Dr. Nygaard's opinion constituted an improper general rebuttal of the statutory presumption in violation of the holding in <u>Medlin</u> in light of both the totality of his testimony and the commission's citation to <u>Medlin</u>. The commission's citation to <u>Medlin</u> supports the conclusion that it gave no weight to Dr. Nygaard's testimony that Martin's heart disease was not related to his employment and that it considered the entire context of that opinion in light of the underlying reasons given by Dr. Nygaard. It is well-established that the commission can determine which portions of Dr. Nygaard's testimony to credit and which portions to disregard; on appeal, this Court will not substitute its judgment on the facts for that of the commission. <u>Hawks v. Henrico County Sch. Bd.</u>, 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988). The weight to be accorded the evidence is within the commission's sole domain. <u>Bass</u>, 258 Va. at 114, 515 S.E.2d at 563. Giving due regard and deference to the fact-finding function of the commission, we find that it could reasonably conclude from credible evidence that Dr. Nygaard's testimony constituted an improper general attack on the legislatively-established

- 7 -

presumption pursuant to our holding in Medlin. We will not disturb that determination on appeal.

Employer contends, however, that the commission concluded that it had failed to rebut the statutory presumption by misapprehending the testimony of Dr. Nygaard and Dr. Van Dyke. Specifically, employer contends that the commission improperly relied on Dr. Nygaard's testimony that occupational stress was potentially a secondary cause and not a primary cause of Martin's heart disease, and Dr. Van Dyke's testimony describing Martin's occupational stress as "possibly a minor risk factor." Employer reasons that, by relying on such evidence, the commission, in effect, precluded it from proving that it had overcome the statutory presumption because it improperly imposed on employer "the burden of excluding the 'possibility' that job stress may have been a contributing factor to heart disease." Overbey, 254 Va. at 527, 492 S.E.2d at 634. Nothing in the record supports employer's contention. Furthermore, as noted above, the commission's conclusion that the employer failed to rebut the statutory presumption is founded on credible evidence. Under this Court's standard of review, the decision of the commission must therefore be affirmed.

Finally, it bears noting that the only testimony arguably in favor of a finding that employer had rebutted the presumption was that of Dr. Nygaard who stated that Martin's job was not a cause of his heart disease. However, the commission's consideration of that testimony must be evaluated in conjunction with the witness' attendant explanation which identified the basis for his opinion and which emphasized that nothing in the medical literature established a causal relationship between occupation and heart disease, an opinion that we found improper in Medlin. Viewing the evidence in the light most favorable to the employee, we affirm the commission's rejection of Dr. Nygaard's testimony on the ground that the legislature "has concluded that there is a causal link between stress and heart disease" and, therefore "it is not for

- 8 -

the commission or the courts to reconsider the issue." Medlin, 34 Va. App. at 407, 542 S.E.2d at 38. For the reasons stated, we affirm the commission's determination that employer failed to overcome the statutory presumption in favor of Martin.

IV. Extent of Martin's Disability Award

Employer also contests the commission's awards of the following periods of disability: February 26, 1993 through May 9, 1993; July 19, 1993 through October 17, 1993; and September 11, 1996 to the present. Martin contends that sufficient evidence of disability supported the commission's award. We agree that sufficient evidence supported the commission's award for disability from September 11, 1996 to the present, but we do not agree that the award for disability prior to October 27, 1993 was proper.

A. The Award of Disability Benefits from September 11, 1996 to the Present

Employer contends that there was insufficient evidence proving Martin's disability from September 11, 1996 to the present. As stated above, when reviewing a sufficiency of the evidence claim, our function is to determine whether credible evidence supports the commission's determination. Campbell, 7 Va. App. at 222, 372 S.E.2d at 415. Here, we find that sufficient evidence supports the commission's award from September 11, 1996 to the present.

The evidence shows that in August 1996, Martin developed severe chest pains. He underwent repeat bypass surgery on September 17, 1996. Although reports subsequent to the bypass surgery suggest that Martin was steadily recovering, he again complained of chest pains in April 1997. On June 9, 1997, Dr. Van Dyke affirmatively indicated that Martin was disabled from work as a deputy sheriff. On September 25, 1997, Dr. Van Dyke stated that Martin was "severely debilitated due to left ventricular dysfunction." No other reports were filed after 1997 which discuss Martin's disability.

Employer contends the absence of evidence of Martin's disability since 1997 invalidates the commission's decision to award disability benefits from September 1996 to the present. We disagree because the medical evidence recited above constitutes credible evidence from which the commission could conclude that Martin proved his disability for the periods claimed.[8] Furthermore, notwithstanding the fact that the record was reopened on remand to the deputy commissioner, employer did not present evidence in rebuttal of Martin's claimed disability at this final evidentiary hearing. Indeed, employer stipulated that the "Commission could enter its award based upon the record already before the commission." The employer cannot now be heard to complain that the commission relied on the evidence before it in determining Martin's award. See Cohn v. Knowledge Connections, Inc., 266 Va. 362, 367, 585 S.E.2d 578, 581 (2004); Eure v. Norfolk Shipbuilding & Drydock Corp., 263 Va. 624, 636, 561 S.E.2d 663, 670 (2002). We find that sufficient evidence supports the commission's award of disability, and we will not disturb it on appeal.

### B. The Award of Disability Benefits Prior to October 27, 1993

Employer contends that the commission erred in awarding benefits prior to October 27, 1993. We agree.

Code § 65.2-403(A) establishes that entitlement to compensation begins with the date of "communication of the diagnosis of an occupational disease." It further provides that medical benefits shall not begin more than fifteen days before the date of the accident or communication of the disease. Code § 65.2-403(B). Because no one communicated to Martin that his heart

---

[8] Employer also contends that the evidence failed to establish that Martin marketed his remaining work capacity. See Washington Metropolitan Transit Auth. v. Harrison, 228 Va. 598, 601, 324 S.E.2d 654, 655 (1985). However, as noted *supra*, we find that the evidence supports the commission's conclusion that Martin was totally disabled. Therefore, no proof was needed that Martin failed to market his remaining capacity.

disease was an occupational disease, the commission determined that the "happening" of his "injury by accident" should be computed from the date the complaint was filed.

The finding that October 27, 1993—the date Martin filed his complaint—constituted the date of the accident was a constant in this case. The commission approved that date as the date of the accident in the following opinions: (1) the deputy commissioner's opinion on December 24, 1997; (2) the deputy commissioner's opinion issued on August 13, 1998; (3) the full commission's opinion issued April 17, 2002; and (4) the deputy commissioner's opinion issued April 25, 2002. Martin never appealed this particular finding.

Nonetheless, in its June 4, 2003 opinion, the full commission reverted to the alternative holding of the deputy commissioner on August 13, 1998, to support its view that disability before October 27, 1993 had been proved and decided. This was clearly error, for if anything had been decided, October 27, 1993 had been established as the date of Martin's accident. The commission therefore erred as a matter of law in awarding Martin disability benefits before October 27, 1993 and medical benefits before October 12, 1993, in contravention of Code § 65.2-403(A)-(B). Accordingly, we reverse that portion of Martin's award.

For the foregoing reasons, we affirm in part and reverse in part the commission's decision of June 4, 2003, and remand for entry of an award consistent with this opinion.

Affirmed in part, reversed in part, and remanded.

McClanahan, J., concurring, in part, and dissenting, in part.

I agree that our standard of review and the statutory presumption that was created when the General Assembly enacted Code § 65.2-402 require that this Court affirm the commission's conclusion that the requisite connection between Martin's heart disease and his employment exists, and was not rebutted by the employer. Bass v. City of Richmond Police Dep't, 258 Va. 103, 515 S.E.2d 557 (1999). I therefore concur in that judgment.

I dissent, however, from the majority's opinion regarding the extent of Martin's disability award. I believe that because Martin did not offer any evidence to show that he is totally disabled and cannot work, the award of benefits from September 1996 to the present should be vacated. See Code § 65.2-500; Pocahontas Fuel Co. v. Barbour, 201 Va. 682, 112 S.E.2d 904 (1960); Allen v. S. Commercial Repair, Inc., 40 Va. App. 116, 578 S.E.2d 64 (2003). The only evidence that was introduced regarding Martin's disability as a result of his heart disease was that on September 25, 1997, Dr. Van Dyke described Martin as "severely debilitated due to left ventricular dysfunction." This statement by Dr. Van Dyke does not offer an opinion regarding either whether Martin was disabled from work or would be disabled from work in the future. Martin offered no evidence that he is unable to work in other capacities or positions, or that he has taken any steps to market his remaining skills.

The burden to prove total and ongoing disability is Martin's alone. See Washington Metro. Area Transit Auth. v. Harrison, 228 Va. 598, 600-02, 324 S.E. 2d 654, 655 (1985); Fuel Co. v. Agee, 201 Va. 678, 112 S.E.2d 835 (1960). The award of compensation for the period following September 11, 1996 should be struck for Martin's failure to meet his burden.

- 12 -